CASE 74.—ACTION BY C. J. LITTLE AGAINST THE CONTI-
        NENTAL REALTY CO. AND OTHERS TO RECOVER
        FOR SLANDER TO TITLE OF LAND.—March 17,
        1909.

## Continental Realty Co., &c. v. Little

Appeal from Perry Circuit Court.

L. D. LEWIS, Circuit Judge.

From an order overruling a demurrer to plaintiff's
petition, defendants appeal.—Reversed.

1. Libel and Slander—Slander of Title—Construction of Petition.
   —A petition, averring that plaintiff "is the owner and in
   actual possession of one-half of 522 oak trees," standing on
   a tract of land described, and which further states that plain-
   tiff "has a deed to the said property," and that defendants
   are alleging that a certain company is the owner of the tract
   of land described in the petition, and by reason of such alle-
   gations are greatly injuring plaintiff's title to the "said prop-
   erty" will not be construed as alleging title to the land but
   only to the trees, and that defendants were seeking to slan-
   der plaintiff's interest in the trees.

2. Libel and Slander—Slander of Title to Property.—What Con-
   stitutes.—The owner of a one-half interest in trees on land is
   afforded no action for slander of title by false statements that
   a certain company owns the land.

3. Corporations—Liability for Acts of Officials—Slander of Title
   to Property.—A corporation is not liable in an action for slan-
   der of title because of declarations made by the president
   and secretary of the company, where it is not shown that
   such declarations were made by them in their official capacity,
   and by direction of the corporation, or in the apparent scope
   of their authority as its officers.

4. Pleading—Conclusions—Slander of Title to Property.—A peti-
   tion, in an action for slander of title to land, which sets out
   certain allegations made by defendants, but which does not
   state that they were false or maliciously made, and does not
   charge that the market value of plaintiff's property was there-

Continental Realty Co., &c., v. Little.

by impaired or lessened, or that he was prevented from selling or using it, but which merely alleges that he was injured and his title slandered by the alleged statements, is insufficient; the allegations as to injury and slander of title being mere conclusions unsupported by statements of fact.

5.    Libel and Slander—Slander of Title to Property—Actions—Petition.—A petition, in an action for slander of title, to property because of alleged declarations of defendants, must set out the words constituting the slander and the special damage resulting therefrom.

6    Libel and Slander—Slander of Title to Property—Petition.—A Petition, in an action for slander of title to land, must allege that plaintiff holds the legal title to the land and is in possession of it, in order to recover as against a defendant setting up a claim thereto.

MARTIN T. KELLY attorney for appellant.

We insist that defendants demurrer to the petition should have been sustained:

1.    Because the petition does not state a course of action against any of the defendants. Perkins v. Maysville, Dist. Camp Meeting Association, 10 Ky. Law Rep., 781, 10 S. W., 659; Ogders on Libel & Slander, Am. Ed. 368; Ky. Statutes, Sec. 11; Campbell v. Disney, 93 Ky., 41.

. 2.    Because there is no equity in the petition and a court of law is the proper place to settle and adjust the matters in dispute.    Parker, &c., v. Shannon, 121 Ill., 452, 13 N. E., 155; Spelling on Injunction, Secs. 343 and 369; Lex. City Nat. Bank v. Guynn, 69 Ky., (6 Bush) 486; Barker v. Warren, 6 Ky. Law Rep., 86; Hillman v. Hurley, 82 Ky., 626; Moses v. Christian, 46 Ky., (7 B. Monroe) 422; Pomeroy's Equity Jurisprudence, Sec. 1358; Spelling on Injunction, Sec. 344; Burket v. Griffith, 13 L. R. A., 707; Reges v. Middletown, 29 L. R. A., 66 to 69; Flint v. Hutchinson Smoke Burner Co., 16 L. R. A., 243; Boston Diatel Co. v. Florence Mfg. Co., 114 Mass., 69, 19 Am. Rep. 31.

3.    The petition is defective in that it does not allege that the plaintiff is the owner of the land or that he has any title thereto.

GOURLEY, REDWINE & GOURLEY for appellee.

### AUTHORITIES CITED.

17 Encyclopedia of Pleading & Practice, 279, 330: Barker v. Warren, 6 Ky. Law Rep., 86; Williams v. Ayrault, 31 Barb. N. Y., 364.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Reversing.

This is an appeal from a judgment of the Perry
circuit court overruling a demurrer filed by each of
the appellants to appellee's petition. It therefore
presents for our consideration but one question,
namely, whether or not the petition states a cause of
action.

The action was brought in equity by the appellee, C.
J. Little, against the appellants, Continental Realty
Company, F. L. Whittaker, and Martin Kelley; it be-
ing alleged in the petition that the Continental Realty
Company is a corporation, that F. L. Whittaker is
its president, and Martin Kelly, its secretary. It
is not clear from the language of the petition whether
the action is one to quiet title or to recover for slander
of title. The petition begins with the averment that
appellee "is the owner and in the actual possession of
one-half of 522 oak trees," standing upon a tract of
land on the waters of Troublesome creek in Perry
county; the land being described by metes and bounds,
courses and distances. The petition contains the fur-
ther averment that appellee "has a deed to the said
property." As it does not allege that appellee owns
or has either actual or constructive possession of the
land upon which the oak trees stand, but does in ex-
press terms allege his title to and actual possession of
one-half of 522 oak trees standing on the land, we
must infer that the deed received by appellee for "the
said property" merely conveyed him one-half of the
trees, and that by the words "the said property" is
meant one-half of the trees, and nothing more.

The petition does not disclose the name of the own-
er of the other half of the 522 oak trees, or of the

land; nor does it contain any explanation of the failure to give the name of such owner, or any reason for not making him a party to the action.  As it is not alleged that appellee's half of the 522 oak trees have been marked or set apart to him, it is apparent that his interest in the trees is an undivided half thereof.  Hence it would seem necessary that the owner of the other undivided half of the trees should be made a party to the action.  The fact that this was not done may, it is true, amount to a mere defect of parties, which could be corrected by the filing of a special demurrer to the petition; but it is here mentioned as one of the evidences of the vague and intangible nature of appellee's claim to the relief sought in the petition.  It is also, in substance, alleged in the petition that the appellants Whittaker and Kelley are giving it out in speeches that the appellant Continental Realty Company is the owner of the tract of land described in the petition, and by reason of such speeches are greatly injuring appellee's title to the "said property."  As the only property the petition alleges appellee has title to is an undivided half of 522 oak trees, and it nowhere alleges that he has title to the land upon which the trees are standing, we must conclude that the words "said property" refer, as in previous connection, to appellee's undivided half of the oak trees, and for the same reason must also conclude that in further alleging in the petition that appellants have no title to "said property," and that, in claiming appellee has not title thereto, they were seeking to injure him and to slander and becloud his title to "said property," was again meant appellee's undivided half of the trees.

In view of the fact that the petition does not set up title in appellee to the land on which the trees stood,

we are unable to comprehend how he could have been or can in the future be injured, or his title to one-half the oak trees injured or beclouded by the alleged declarations of Whittaker and Kelley that the Continental Realty Company owns the land. Its ownership of the land is not inconsistent with appellee's ownership or possession of one-half of 522 white oak trees standing thereon, if, as alleged in the petition, the latter's ownership of the trees is evidenced by a deed or other written instrument. If, as alleged in the petition Whittaker and Kelley declared appellee had no title to the half of the 522 oak trees claimed by him, and that the title thereto was in the Continental Realty Company, that fact would not impose any liability upon the corporation, even in an action for slander of title, unless such declaration was made by them in their official capacity as president and secretary, respectively, and by direction of the corporation, or in the apparent scope of their authority as its officers; none of which facts will be found to have been alleged in the petition. Perkins v. Maysville District Camp Meeting Association, 10 S. W. 659, 10 Ky. Law Rep. 781; Odgers on Libel and Slander (Am. Ed.) 368.

It is not charged in the petition that the statements of Whittaker and Kelly complained of were false, or that they were maliciously made; nor is it charged that the market value of appellee's half of the 522 oak trees was thereby impaired or lessened, or that he was thereby prevented from selling the timber or interfered with in its use. The averment that he was injured and his title slandered by the alleged statements was a mere conclusion, unsupported by any statement of fact showing such injury or any damage. If the action could be treated as one for slander of

Continental Realty Co., &c., v. Little.

title resulting from the alleged declarations of Whittaker and Kelley, there could be no recovery, for the petition does not set out the words constituting the slander of title, and no special damage is alleged, both of which are essential in such a case. Burkett v. Griffith, 90 Cal. 532, 27 Pac. 527, 13 L. R. A. 707, 25 Am. St. Rep. 151. It is not averred that Whittaker or Kelley set up any claim to the land or timber in or for themselves, but that they did so for and on behalf of the Continental Realty Company, which, as we have already said, was unaccompanied by other necessary allegations showing that they were authorized to make such claim in behalf of the corporation. If the language of the petition could be construed to mean that it asserts title in appellee to the land, it obviously fails to allege his possession of the land, and to maintain an action quia timet the plaintiff must allege that he holds both the legal title and possession of the land, in order to recover as against a defendant setting up claim thereto.

The petition being fatally defective, the circuit court erred in overruling appellant's demurrers.

Wherefore the judgment is reversed, and cause remanded, with direction to sustain each of the demurrers and for further proceedings consistent with the opinion, including leave to appellee, should it be asked, to amend his petition.