## Hardin Oil Company v. Spencer.

(Decided December 2, 1924.)

### Appeal from Allen Circuit Court.

1. Judgment—Petition Failing to State Cause of Action Does Not Support Judgment Based Thereon.—Petition failing to state cause of action does not support judgment based on such petition.

2. Appeal and Error—Without Bill of Exceptions, Single Question is Whether Pleading Supports Judgment.—Where no bill of exceptions is filed, single question is whether pleading supports judgment.

3. Libel and Slander—Assertion of Title by Way of Self-Defense and in Good Faith is Not Actionable, Though Erroneous.—Assertion of title by way of self-defense and in good faith is not actionable, though erroneous.

4. Libel and Slander—Action for "Slander of Title" Defined.—An action for slander of title is not one for words spoken, but for special damages for losses sustained by reason of the speaking and publication of the slander of plaintiff's title

5. **Libel and Slander—Good Faith Warning to Prospective Purchaser of Land of Intention to Enforce Right is Not Actionable.**—One claiming a right in land, which he intends to enforce against a purchaser, is not only entitled, but bound, to give intending purchaser warning of his intention, without subjecting himself to action for slander of title, unless threat was made maliciously to injure vendor.

6. **Libel and Slander—When Slander of Title May be Predicated on Assertion of Claim to Realty or on Institution of Legal Proceedings.**—Action for slander of title cannot be predicated on assertion of a good faith claim to real property, or on institution of legal proceedings founded on a claim of interest, unless claim or proceeding was actuated by malice and without probable cause.

7. **Libel and Slander—Petition Held Not to Allege Cause of Action for Slander of Title to Leasehold.**—Petition alleging slander of plaintiff's title to oil and gas leasehold, by assertion of title, and institution of a suit, against plaintiff to remove cloud from title, held not to state cause of action when not alleging defendant's want of probable cause or malice.

H. L. JAMES for appellant.

THURMAN DIXON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellee Spencer commenced this action in the Allen circuit court against the Hardin Oil Company, incorporated, to recover $1,000.00 in damages for slander of his title to a certain oil and gas lease on lands located in Allen county. No answer was filed and a default judgment was entered to the effect: "The court is of opinion that plaintiff is entitled to the relief sought, and so adjudges. It is, therefore, adjudged by the court that plaintiff, W. L. Spencer, recover of the defendant, Hardin Oil Company, the sum of $1,000.00 as damages and his cost herein expended, for which judgment and cost he may have execution." There was no motion and grounds for new trial and there is no bill of exceptions with the record. No demurrer was filed to the petition, and so far as the record shows the defendant knew nothing of the existence of the action until this appeal was prosecuted. Appellant company filed a brief insisting that a default judgment rendered on a petition which failed to state a cause of action in favor of the plaintiff against the defendant should be reversed. He also insists that in an action for slander of title it is necessary

to allege malice, and where the defendant is claiming title in himself it must be alleged and shown that not only the claim was made maliciously but that he could not honestly have believed in the existence of the right or claim or had reasonable or probable cause for so believing. As there was no evidence introduced to prove the damages the appellant says the default judgment rendered for the full amount of the claim is erroneous and should be reversed. Appellee filed no brief.

We have carefully examined the petition and have reached the conclusion that it does not state facts sufficient to constitute a cause of action in favor of appellee Spencer against appellant oil company, and does not, therefore, support the judgment. Where there is no bill of exceptions the only question for determination is, does the pleading support the judgment? McKinney v. Knapp, 201 Ky. 768.

It is in substance averred in the petition that appellee Spencer was the owner in 1919 of an oil and gas lease on a certain two-acre tract of land and that later appellant company, through its agents, obtained a top lease upon the same property and set up claim to the oil and gas and other minerals in the land; and when appellee declined to surrender his claim, instituted an action in the Allen circuit court against appellee for the purpose of removing a cloud from its title and to have appellee Spencer's claim to the lease adjudged invalid; that the matter was litigated to judgment and appellee Spencer was found to be the true owner of the oil and gas lease; that while the litigation was pending appellee Spencer entered into a contract with Thelma Wells and associates, whereby he sold and agreed to transfer to her the oil lease in question for the sum of $2,000.00, but before the transfer could be made and the money collected the agents and servants of the appellant oil company wrongfully and unlawfully represented and stated to Thelma Wells and her associates that appellant's title was not good to the oil lease, thus preventing appellee from consummating the sale of the oil lease to Thelma Wells, and he was thereafter compelled to sell it at a much less price, receiving only $1,000.00, thus suffering a loss of $1,000.00, for which he prayed judgment against appellant company.

In an action for damages for slander of title it is held that malice is a necessary ingredient. 25 Cyc. 560.

In the case before us appellant company held an oil and gas lease on the lands at and before the time appellee Spencer contracted to sell the lease to Thelma Wells. The company was asserting title to the lease and insisting that appellee Spencer's title was inferior to its. To have the matter determined by a court appellant company brought an action against appellant Spencer. This rather manifested the company's good intention and honest belief that it was the owner of the lease. After holding in the case of Duncan, Trustee v. Griswald, 92 Ky. 546, that a good faith claimant of real property is not liable in damages to the true owner in an action for slander of title, we said:

"For if a person may set up a claim of owner-ship to real property, in opposition to that of an adverse claimant, without subjecting himself to an action for slander of the title of such adversary, we see no reason why a good faith creditor may not, with the same impunity, assert in good faith his right to have real property, or his debtor's interest in it, sold under a judgment rendered for that purpose, even if such assertion is made in opposition to the title claimed by another."

If malice—that is, absence of good faith—is an essential condition of liability for slander of title, appellee's cause must fail. An assertion of title made by way of self-defense as a warning to others is not actionable though the claim be mistaken, if made in good faith. Such an action is not one for words spoken but an action on the case for special damages for the losses sustained by reason of the speaking and publication of the slander of a plaintiff's title. Where one claims a right in himself which he intends to enforce against a purchaser, he is entitled, and in common fairness bound, to give the intended purchaser warning of his intention, and no action will lie for giving such preliminary warning, unless it can be shown that the threat was made *mala fide* only with intent to injure the vendor, and without any purpose to follow it up by an action against the purchaser, and that circumstances were such as to make the bringing of an action altogether wrongful.

It, therefore, may be stated that the assertion of a good faith claim to real property, or the institution of legal proceedings founded on a claim of interest furnishes no ground for an action of slander of title, unless

it be alleged and shown that the claim or proceeding was actuated by malice and was without probable cause. The petition before us does not aver facts showing want of probable cause on the part of appellant company to assert claim of title to the leasehold, nor facts sufficient to justify the inference that the action instituted by the oil company against Spencer was with malice and without probable cause. It did not, therefore, state facts sufficient to constitute a cause of action in favor of Spencer against the oil company, hence it was error to pronounce judgment in favor of Spencer upon the petition, for which reason the judgment is reversed for proceedings consistent herewith.

Judgment reversed.