# Ideal Savings Loan & Building Ass'n of Newport et al. v. Blumberg et al.

Nov. 23, 1943.

William U. Warren for appellants.

Phillip Schiff and Morris Weintraub for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

This appeal is from a judgment sustaining a demurrer to the petition and dismissing it in an action filed by the appellant against the appellees, Frank Blumberg and Irvin Blumberg, for slander of title to real estate.

The allegations of the petition were, in substance, that: The appellee Frank Blumberg and his son, Oscar, were on October 31, 1927, the owners of certain lots in the city of Newport. On one of these lots, No. 782, was a brick building. Later a building was erected on the adjoining lot No. 781. The east wall of the older structure was used as the west wall of the new structure. The Blumbergs mortgaged lot No. 781 on which the newer building was located, together with other lots, to the appellant, which later purchased the mortgaged property at decretal sale. The building was used as a garage. The Blumbergs were also divested of title to lot No. 782 on which the original building was erected and it was later acquired by another son of Frank Blumberg, the appellee Irvin Blumberg, who knew nothing about the condition of the buildings and the wall when he acquired title.

The appellant had received an offer of $7,500 for the garage property from the H. Dennert Distributing Corporation and the appellant's board of directors would have accepted the offer and consummated the deal except for the fact that the appellees, with the design and purpose of preventing the sale and with the intent and hope to force the appellant to sell the property to them at less than its true value, "maliciously, fraudulently and without probable cause" stated in the presence of officers of the Dennert company, in substance, that the wall was the sole property of Irvin Blumberg, that he had the right to tear it down and that the appellant had no interest in the wall or easement therein for the support of its building, and the Dennert company, on account of such statements, retracted its offer before acceptance by the appellant, "and as a direct result thereof this appellant has been greatly injured and has suffered great loss and damage." Judgment was sought for $3,000.

The appellees do not contend that the allegations of the petition are not sufficient to show the appellant's right to an easement in the wall. That such an easement exists in the circumstances alleged in the petition is well settled. Henry v. Koch, 80 Ky. 391, 44 Am. Rep. 484; Irvine v. McCreary, 108 Ky. 495, 56 S. W. 966, 49 L. R. A.

417; Lebus v. Boston, 107 Ky. 98, 103, 51 S. W. 609, 610, 52 S. W. 956, 47 L. R. A. 79, 92 Am. St. Rep. 333; Ringgold Lodge v. De Kalb Lodge, 157 Ky. 203, 162 S. W. 1111.

From the briefs we gather that the demurrer was sustained upon the theory that there was no allegation of special damage and it is insisted by the appellees that this ruling was correct. With this we do not agree. It may be conceded that in an action of this nature special damage must be alleged. Continental Realty Co. v. Little, 135 Ky. 618, 117 S. W. 310; Hardin Oil Co. v. Spencer, 205 Ky. 842, 266 S. W. 654. It seems clear, however, that the petition did allege special damage, which was the loss of the sale to the Dennert company. The fact that the appellant had not accepted the offer is immaterial. Indeed, some courts hold that where there is a binding contract of sale an action for slander of title will not lie since the owner has his remedy by an action against the proposed purchaser. Burkett v. Griffith, 90 Cal. 532, 542, 27 P. 527, 13 L. R. A. 707, 25 Am. St. Rep. 151. The loss of a sale to a specified person is the special damage. Wilson v. Dubois, 35 Minn. 471, 29 N. W. 68, 59 Am. Rep. 335. And that this is the rule in our jurisdiction is to be gathered from the cases of Asher v. G. F. Stearns Land & Lumber Co., 241 Ky. 292, 43 S. W. (2d) 1012, and Continental Realty Co. v. Little, supra. The flaw in the argument of the appellees consists in confusing special damage with the measure of damages, this being revealed by their insistence that it was essential to the statement of a cause of action that the petition contain an allegation that the property was worth, or would sell for, a less sum than that offered by the Dennert company. But this has to do with the measure of damages, which is the difference between the amount offered for the property and its salable value if there has been sufficient time following the frustration of the sale to permit its marketing. Restatement of the Law of Torts, sec. 633. And it is not essential to the statement of a cause of action that the measure of damages be pleaded, the only requisite in this respect being that damage be alleged.

It is further insisted by the appellees that malice on their part was not properly pleaded. We find no merit in the argument. It was alleged that the words in derogation of the appellant's title were spoken "maliciously, fraudulently and without probable cause."

The theory of the appellees is that such an allegation was but a conclusion of the pleader inasmuch as the specific allegations of the petition, which control the general allegations, negatived the existence of malice. It is argued for the appellees that it was their duty, if they claimed in good faith that the appellant had no easement in the wall, to give the intended purchaser notice of this fact. This is correct. Hardin Oil Co. v. Spencer, supra. Consequently, they argue, the petition was fatally defective in its failure to allege that the appellees knew the statements made to the officers of the Dennert company were false. But if the argument be sound, its premise is false. The petition did allege that the statements were false and were known by the appellees to be false. In addition to more elaborate allegations in this respect, the petition contains the allegation that "the defendants well knew that the right and easement to have such beams, rafters and roof rest on and be supported by said party wall passed as an easement and right appurtenant to the grant of the corporeal real estate * * * and well knew that Irvin Blumberg took said lot subject to all the burdens and servitudes with which it was encumbered at the time he purchased it." This allegation, together with others whose substance is recited above, was a sufficient averment of knowledge of the falsity of the statement, if such averment was essential.

It is our conclusion that the petition alleged both special damage and malice and stated a cause of action.

Judgment reversed for further proceedings consistent with this opinion.