**BONNIE BRAES FARMS, INC.,**
Appellant,

v.

**William B. ROBINSON, Jane A. Robinson and Joseph L. Arnold, Appellees.**

Court of Appeals of Kentucky.

April 25, 1980.

Weldon Shouse, Shouse & Burrus, Lexington, for appellant.

Joseph L. Arnold, Nunn, Odear & Arnold, Lexington, for appellees.

Before BREETZ, GUDGEL and HOWARD, JJ.

HOWARD, Judge.

This action involves a unique set of circumstances wherein the appellant, Bonnie Braes Farms, Inc., seeks to establish a cause of action against the appellees for the alleged wrongful filing of a lis pendens notice. On July 26, 1978, William B. Robinson and Jane A. Robinson filed suit in Fayette Circuit Court, attempting to collect a debt of $67,054.42 which arose out of a contract between the Robinsons and the appellant. The contract, dated November 1, 1972, provided for the purchase by the appellant of certain thoroughbred horses, with the sum of $175,000.00 to be paid to the Robinsons. Of this amount, $67,054.42 was outstanding at the time the complaint was filed. In conjunction with the litigation, the Robinsons filed a lis pendens notice asserting an interest in the Bonnie Braes property. The appellant discovered the existence of the notice in early February while attempting to sell one hundred and seventy-eight acres of the farm. The land was ultimately sold with the purchaser's attorney holding in escrow $80,000.00 of the proceeds from the sale. With the action concerning the debt still pending, the appellant filed suit against the Robinsons and their attorney, Joseph L. Arnold, alleging the use of the lis pendens notice constituted abuse of process and slander of title. It is asserted that the statements contained within the lis pendens notice are false and further, the notice was filed wilfully, maliciously and without probable cause.

The appellant moved to consolidate the two suits and requested an order requiring the discharge of the lis pendens notice. The appellees countered said motions with a motion to dismiss the complaint. By order of the Fayette Circuit Court, the motion to dismiss was granted as was the motion to discharge the lis pendens notice. The court also ordered the immediate release of the $80,000.00 held in escrow. This appeal arises out of the issuance of this order.

■■■ We affirm the decision of the trial court as we do not find the essential elements of the torts abuse of process and slander of title to be alleged in the complaint. Abuse of process may be defined as the irregular or wrongful employment of a judicial proceeding. *Stoll Oil Refining Company v. Pierce*, Ky., 337 S.W.2d 263 (1960). The essential elements of the tort include (1) an ulterior purpose and (2) a wilful act in the use of the process not proper in the regular conduct of the proceeding. W. Prosser, *Handbook of the Law of Torts*, § 121 (4th ed. 1978). Although appellant has attempted to prove a malicious purpose in the acts of the appellees, there has been no proof of process. Judicial process may broadly be defined as all acts of the court, from the beginning of the proceeding to its end; a more narrow definition is the means of compelling a defendant to appear in court. 62 Am.Jur.2d *Process* § 1. We do not find a lis pendens notice to be within this definition. The lis pendens is merely a notice required by statute to protect the interests of any subsequent purchasers. It is filed without intervention of the judicial authority and brings neither the property nor any parties before the court. Since there is no process, there can be no abuse of process.

■■■ We likewise do not find the proper allegations to support a cause of action for slander of title. In order to maintain a slander of title action in this jurisdiction, the plaintiff must plead and prove that the defendant has knowingly and maliciously communicated, orally or in writing, a false statement which has the effect of disparaging the plaintiff's title to property; he must also plead and prove that he has incurred special damage as a result. *Ideal Savings Loan & Building Ass'n v. Blumberg*, 295 Ky. 858, 175 S.W.2d 1015 (1943); *Hardin Oil Co. v. Spencer*, 205 Ky. 842, 266 S.W. 654 (1924). Contrary to appellant's contention at oral argument, if special damage has not been incurred, the action is not maintainable. In other words, there is no such thing as slander of title per se. *Ideal Savings Loan & Building Ass'n, supra*. The special damage required may consist of either a loss by the plaintiff of a sale of his property or a diminution in its fair market value.

*Continental Realty Co. v. Little*, 135 Ky. 618, 117 S.W. 310 (1909).[1]

■ The allegations of appellant's complaint satisfy the first requirement for maintaining a slander of title action, i. e., that appellees knowingly and maliciously communicated, through an invalid lis pendens notice, a false statement which had the effect of disparaging appellant's title to its property. The disparagement lies in the statement in the lis pendens that the pending action in the Fayette Circuit Court affected appellant's right, title and interest in its real property when in fact that action could not affect the property until such time as appellees obtained a final judgment in the action, and pursuant to the judgment, perfected a levy of execution on the property. However, nowhere in the complaint is there any allegation that appellant incurred special damage as a result of the disparagement by way of a lost sale of the property or because the property's fair market value decreased. On the contrary, the record establishes that appellant effected a sale of a portion of its property and received the full purchase price provided for in the sales contract. The court below, therefore, did not err by dismissing appellant's claim for slander of title.

The judgment is affirmed.

All concur.

1. If a binding contract to sell exists at the time the sale is lost, plaintiff's exclusive remedy is an action on the contract of sale against the defaulting purchaser. *Ideal Savings Loan & Building Ass'n, supra.*