James Ellis **MONTGOMERY, Sarah Montgomery, and Michael Ellis Montgomery, Appellants,**

v.

**James MILAM, Appellee.**

**No. 94–SC–708–DG.**

Supreme Court of Kentucky.

Nov. 22, 1995.

Louis M. Waller, Russellville, for appellants.

Reginald L. Ayers, Bell, Orr, Ayers & Moore, Bowling Green, for appellee.

REYNOLDS, Justice.

This case requires that we construe the timeliness of the filing of an action for slander of title against an attorney who prepared and filed a mechanic's and materialman's lien on behalf of a client.

The Montgomerys, appellants, and D.T. and Robert Rogers, defendants below, formulated a plan to develop, operate, and manage a golf course to be located on the Montgomerys' farm lands. A corporation would be formed and the developers would acquire an interest in the Montgomerys' lands and the landowners would, in turn, become substantial stockholders in the venture. An outline of the parties' proposals was formulated and set forth in a written instrument dated April 2, 1990, entitled "Letter of Intent" and accordingly executed by the parties involved. Construction of the golf course on the Montgomerys' lands was commenced by the Rogers. A final agreement was not prepared nor consummated.

The appellee, Attorney Milam, was aware of the venture and developed an intention to acquire an interest therein. He extended (loaned) money to the Rogers with an agreement to acquire stock in the corporation. Although a Bowling Green law firm obtained a corporate charter for the "golf course parties," no stock was issued nor does it appear that the corporation formally commenced business. This record reflects a document dated April 10, 1991, wherein appellee is designated as a corporate agent, as were two of the Montgomerys and one of the Rogers.

Disagreements arose among the original joint venturers and, thereafter, on July 9, 1991, Robert and D.T. Rogers executed and filed (July 10) a notarized Statement and Notice of Mechanic's and Materialman's Lien which was stamped as being an instrument prepared by James E. Milam, Attorney, and asserted upon the Montgomerys' real property to secure the monies expended by the Rogers for the construction of a golf course thereon.

Lending institutions, having past-due, secured indebtednesses against the Montgomerys, filed foreclosure actions and in October 1991, appellants filed for financial relief under the Bankruptcy Act. The federal bankruptcy court abandoned the property and permitted the state court to proceed with the foreclosure actions and to include any claims/cross-claims as may have been asserted among the parties.

The appellants on June 22, 1992, sought to file, in the banks' foreclosure actions, a third party complaint against Milam. Leave of court was neither sought nor obtained, as required by CR 14.01, and the third party action was dismissed.

Appellants took no further action until December 23, 1992, when they filed a complaint against the Rogers and Milam. The assertions against Milam were for his preparation and filing of the lien with the allegation that the lien sum exceeded any amount spent by the Rogers in developing the golf course. Additionally, they claimed Milam conspired with the Rogers to coerce and to intimidate the appellants into "parting" with their property. These actions were asserted to be willful and malicious and resulted in the loss of the Montgomerys' property. The trial court dismissed the action against Milam as being time barred pursuant to KRS 413.140(1)(c)–(d) and KRS 413.245.

The primary issue herein is overlain with both procedural problems and those of preservation and practice. These latter issues brought out in this appeal are without substance and are addressed as follows:

It was not error to dismiss the third party complaint filed against Attorney Milam in the bank foreclosure action as appellants did not conform to Civil Rule 14.01. Neither was this ruling or action appealed and the record discloses appellants' waiver of any objection.

Appellants have pled, in the alternative, that appellee Milam's act amounted to a wrongful attachment. There can be no attachment (wrongful or otherwise) under the definition set forth in KRS 425.301 et seq. and the facts of this case. The trial court correctly determined that there is no support for a claim of "wrongful attachment" pursuant to KRS 411.080.

Appellants have maintained that the current action "sought consolidation" with the prior foreclosure actions. Again, the record reflects no motions made or orders of consolidation of these actions.

Appellants have touched upon an issue of conspiracy premised upon the fact that the lien statement was asserted by the Rogers but prepared by Milam. In order to prevail, the Montgomerys must show an unlawful/corrupt combination or agreement between appellee Milam and the Rogers and to do by some concerted action an unlawful act. *McDonald v. Goodman*, Ky., 239 S.W.2d 97 (1951). Ordinarily, the mere preparation of a document upon the request of a client furnishes no basis for a conspiracy issue. However, the issue is moot based upon the limitation of actions statute of one year. KRS 413.140(1)(c).

The resolution of this case is not dependent upon any collateral issue of absolute privilege being applicable or extended to an attorney for the preparation and filing of a materialman's lien at a time when litigation did not exist.

A slander of title issue predominates the pleading against the appellee and is derivative from a common law action of slan-

der. To maintain a slander of title action the appellants must have pled and proven that the appellee, Milam, had knowingly and maliciously communicated, orally or in writing, a false statement which had the effect of disparaging the appellants' property title and must have pled and proven that they had incurred special damages resulting therefrom. *Bonnie Braes Farms, Inc. v. Robinson,* Ky.App., 598 S.W.2d 765 (1980); *see also Continental Realty Co. v. Little,* 135 Ky. 618, 117 S.W. 310 (1909). To maintain this action special damages are required to have been demonstrated and the damages may consist of a diminution of the property's fair market value or a loss of sale of the property. *Bonnie Braes Farms, Inc., supra.* However, during the state foreclosure proceeding the property was appraised by a competent realty and appraisal firm and appellants' property was soon after sold at judicial auction for a price which exceeded appraisal value.

The limitation of action statute, KRS 413.140, provides that an action for libel or slander shall be commenced within one year after the cause of action accrued. The lien instrument, while executed on July 9, 1991, was recorded the following day. The last date to bring a cause of action against Milam for slander of title was one year after recordation. Mechanic's and materialman's liens (KRS 376.090) require an action to enforce this specific type of lien to be filed within 12 months of the filing date or, otherwise, the lien is rendered unenforceable, which distinguishes this case from *Bonnie Braes Farms, Inc., supra.*

■ The statute of limitations governing actions for libel and slander is applicable to actions for slander of title. *See* 50 Am. Jur.2d, *Libel and Slander* § 553 (1970); *Recording of Instrument Purporting to Affect Title as Slander of Title,* 39 A.L.R.2d 834, § 9 (1955). There is contrary opinion, but we conclude that the great weight of the authority is that the statute of limitations applicable to libel and slander is equally applicable to actions for slander of title.

■ The assertion of an interest in the manner alleged by the Rogers and Milam, if falsely and maliciously made, constituted a disparagement of appellants' title and is the tort which gives rise to their cause of action

for damages for slander of title. Their right to sue, therefore, accrued at the time of the execution and the filing of record of the Mechanic's and Materialman's Lien. We hold that the full measure of damages that might ultimately result from the Rogers and appellee's wrongful acts, if any, may not have been immediately foreseeable, but appellants' cause of action accrued when the instrument was filed for public record and the statute of limitations began to run at that time. The recording of the lien created a cloud on appellants' title which they have claimed lowered the value of their property. This situation is not changed by the fact that no specific sale of the property was lost.

■ The appellants' assertions are incorrect that the statute was tolled by their petition of bankruptcy filed in October of 1991, and also tolled by the filing of the June 1991, third party complaint. The trial court, correctly, determined that these acts failed to comprise commencement of an action, in good faith, under KRS 413.250. Provisions of the Bankruptcy Code, as to an automatic stay, do not apply to judicial proceedings that may be initiated by the debtor. 11 U.S.C. § 362(a)(1); *Brown v. Armstrong,* 949 F.2d 1007 (8th Cir.1991). The third party complaint created no tolling effect and is referenced *supra.*

The opinion of the Court of Appeals is affirmed.

LAMBERT and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., concurs in result only by separate opinion in which LEIBSON and STUMBO, JJ., join.

FUQUA, J., not sitting.

STEPHENS, Chief Justice, concurring.

Respectfully, I concur in result only.

While I agree that the action should be dismissed, I do not agree that the statute of limitations began running with the filing of the mechanic's lien. The majority opinion, following *Bonnie Braes Farms, Inc. v. Robinson,* Ky.App., 598 S.W.2d 765 (1980), states that special damages must have been pled and proven in order to maintain a slander of title action. In order to plead and prove special damages, they must exist.

This Court has held in a line of attorney malpractice decisions that until the "harm became fixed and non-speculative, the statute did not begin to run." *Alagia, Day, Trautwein & Smith v. Broadbent*, Ky., 882 S.W.2d 121, 125 (1994); *See also, Michels v. Sklavos*, Ky., 869 S.W.2d 728 (1994); *Hibbard v. Taylor*, Ky., 837 S.W.2d 500 (1992). In the present case the statute should not begin to run until the time of the foreclosure action. The foreclosure action was commenced in October of 1991. The Montgomery's claim for slander of title was filed in December of 1992 and is, therefore, time barred under KRS 413.140.

LEIBSON and STUMBO, JJ., join in this opinion.