Charles COWING, Appellant

v.

Andy COMMARE, Appellee

NO. 2015-CA-000769-MR

Court of Appeals of Kentucky.

RENDERED: AUGUST 26, 2016; 10:00 A.M.

MODIFIED: SEPTEMBER 9, 2016

---

BRIEF FOR APPELLANT: Robert L. Abell, Lexington, Kentucky

BRIEF FOR APPELLEE: ·Kathleen Biggs Wright, Griffin Terry Sumner, Louisville, Kentucky

Keith Moorman, Lexington, Kentucky

BEFORE: ACREE, COMBS AND JONES, JUDGES.

## OPINION

COMBS, JUDGE

Charles Cowing appeals from a summary judgment of the Fayette Circuit Court entered in favor of Andy Commare. Cowing had alleged violations of the Kentucky Civil Rights Act on the part of Lockheed Martin Corporation and Andy Commare, one of Lockheed's managing agents. Cowing contends that the trial court erred by concluding that his claim is barred by the intracorporate conspiracy doctrine. After our review, we affirm.

Cowing began working as a helicopter mechanic at Lockheed Martin in April 2012. On August 12, 2013, Cowing fell at work. After that incident he began a medical leave of absence. Because of his physical condition, Cowing's physicians advised him that he faced permanent restrictions related to his ability to squat, stand, lift, walk, and move while rotating ·at the midsection. Cowing contacted Lockheed Martin on September 6, 2013, to advise that he would be released to return to work (with restrictions) on September 9, 2013.

On September 9, 2013, Cowing was met at the hangar by Andy Commare, who advised Cowing that he needed to be cleared through the company's on-site

medical facility and human resources department before returning to work. Ultimately, Lockheed Martin decided that it could not reasonably accommodate Cowing's restrictions and limitations, and he did not return to work.

On July 1, 2014, Cowing filed an action against Lockheed Martin and Andy Commare. Cowing alleged that Lockheed Martin had unlawfully discriminated against him by failing to provide him with a reasonable accommodation and that Commare had "aided and abetted" the company in its discriminatory employment practices by blocking his return to work from medical leave and/or his transfer to a different position consistent with his physical limitations and work restrictions. On October 28, 2014, with leave of court, Cowing filed an amended complaint in which he alleged that Lockheed Martin had unlawfully excluded him from the workplace by refusing to permit him to return to work in his former position as a helicopter mechanic following his medical leave. Lockheed Martin and Commare answered and denied the respective allegations. A period of discovery ensued.

On March 26, 2015, Commare filed a motion for summary judgment. Commare contended, in part, that the claim asserted against him was barred by the intracorporate conspiracy doctrine. Commare argued that as a matter of law, he could not aid and abet Lockheed Martin in its allegedly discriminatory employment practices since he and the corporation are members of the same collective entity. The trial court agreed and granted the motion. The court concluded that the summary judgment was final and appealable and that there was no just cause for delay. This appeal followed.

On appeal, Cowing argues that the trial court erred by granting summary judgment. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR [1] 56.03.

Kentucky's civil rights act, KRS [2] Chapter 344, was enacted to safeguard all individuals within the state from discrimination. KRS 344.020. Qualified individuals with a disability are specifically included within the protections of the statute. *Id.* KRS 344.040 provides that it is an unlawful practice for an employer to discriminate against a qualified individual with a disability with respect to compensation, terms, conditions, or privileges of employment. For purposes of this appeal, we must assume that Cowing is a qualified individual with a disability.

The provisions of KRS 344.280 declare it unlawful to conspire to violate the provisions of the Kentucky Civil Rights Act. The statute provides, in relevant part, as follows:

It shall be an unlawful practice for a person, or for two

(2) or more persons to conspire:

* * * *

(2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter[.]

KRS 344.280.

The concepts both of "conspiracy" and of "aiding and abetting" are well established in our criminal law. In civil law, aiding and abetting and conspiracy impose joint tortfeasor liability for tortious

**1.** Kentucky Rules of Civil Procedure.

**2.** Kentucky Revised Statutes.

harm to another. *See Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476 (Ky.1991). We define an aiding-and-abetting claim pursuant to the Restatement (Second) of Torts § 876. (1979); *see Farmer v. City of Newport,* 748 S.W.2d 162 (Ky.Ct.App.1988). In order to prevail against Commare, Cowing had to show the following elements: (1) a violation of law by Lockheed Martin; (2) Commare's knowledge of the violation; and (3) Commare's conscious rendering of substantial assistance to Lockheed Martin to violate the law. The existence of a multiplicity of actors or participants is essential to the claim.

Commare emphasizes that the relevant provisions of KRS 344.280 require the presence of two separate wrongdoers in order for liability to attach. Since it well settled that corporations can act only through their agents, Commare contends that he and Lockheed Martin cannot be deemed to be separate entities. He argues that the claim asserted against him is barred by the intracorporate conspiracy doctrine, which holds that under these circumstances, a corporation and its employee cannot act in concert. In the alternative, Commare contends that the undisputed facts establish that he exercised no supervisory authority over Cowing and that he had absolutely no input into the allegedly discriminatory actions taken in this case. Consequently, Cowing cannot show that Commare provided "substantial assistance" to Lockheed Martin even if it made the allegedly discriminatory decisions.

Cowing responds that the intracorporate conspiracy doctrine does not apply since it conflicts with the unambiguous language of KRS 344.280 and thus undermines the antidiscriminatory goals of the Kentucky Civil Rights Act.

█ The intracorporate conspiracy doctrine holds that "a corporation cannot conspire with its employees, and its employees, when acting within the scope of their employment, cannot conspire among themselves." *Tabb v. District of Columbia,* 477 F.Supp.2d 185, 190 (D.D.C.2007) (internal quotation marks and citation omitted). The doctrine originated in the antitrust context. The Supreme Court of the United States held that a parent corporation and its wholly owned subsidiary could not have violated the conspiracy provisions in Section 1 of the Sherman Act because they were the **same legal entity**; that is, there were not two distinct legal actors capable of conspiring with one another. *See Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984).

Lower federal courts and state courts have extended the application of the doctrine to other contexts, including claims that entities and their employees—or employees by themselves—violated the anticonspiracy provisions of the federal civil rights act. *See Bowie v. Maddox,* 642 F.3d 1122, 1130 (D.C.Cir.2011) (listing cases); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Ed.,* 926 F.2d 505, 509–10 (6th Cir.1991) (The intracorporate conspiracy doctrine provides that "a corporation cannot conspire with its own agents or employees" because the corporation and its employees "are members of the same collective entity" and so "there are not two separate 'people' to form a conspiracy.")

█ It appears that no Kentucky court has addressed the application of the intracorporate conspiracy doctrine. However, that doctrine is a logical extension of our rules that "a corporation can only act through its agents[,]" *Caretenders, Inc. v. Kentucky,* 821 S.W.2d 83, 86 (Ky.1991), and that a conspiracy involves "two or more persons," *Montgomery v. Milam,* 910 S.W.2d 237, 239 (Ky.1995). Moreover, we are persuaded that the same analysis

applies where the claim is based upon the allegation that Commare aided and abetted Lockheed Martin's allegedly discriminatory conduct by offering "substantial assistance" to "a person to engage in any of the acts or practices declared unlawful by this chapter[.]" KRS 344.280. Like conspiracy, the act of aiding and abetting provides for secondary liability based on the conduct of a multiplicity of actors acting in concert.

Commare is an employee of Lockheed Martin. Cowing has not argued or alleged that Commare was acting outside his capacity as Lockheed Martin's agent at any time or that Commare's alleged conduct was motivated by his own personal interest independent of the corporate entity's goals. Therefore, his actions are solely attributable to Lockheed Martin. Since the challenged conduct is the act of a single corporation acting exclusively through its own employee (who was acting in his capacity as an employee), the requirement of a multiplicity of actors has not been met in this case.

We are not persuaded that the trial court's application of the doctrine under the circumstances of this case undermines the anti-discriminatory goals of the Kentucky Civil Rights Act. Nothing in the Act appears to impose aiding-and-abetting liability upon corporations and their employees for routine, collaborative business decisions that are later challenged as discriminatory.

Because Cowing could not have established a cause of action against Commare, the trial court did not err by concluding that Commare was entitled to judgment as a matter of law. We do not need to address the alternative grounds submitted for summary judgment.

The order of the Fayette Circuit Court is affirmed.

ALL CONCUR.