RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0768-MR

JOHNNY REEDY AND LANORA
KAY REEDY                                                 APPELLANTS


v.                     APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 22-CI-00260


CAMERON N. BRATCHER AND
EDDIE SWIFT                                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

COMBS, JUDGE: This case arises from a complicated and vitriolic property dispute. Johnny Reedy and Lanora Kay Reedy (the Reedys) appeal an order of the Grayson Circuit Court dismissing their complaint against Cameron N. Bratcher and Eddie Swift. A dispute arose among the parties in 2016 with respect to the use of Tanyard Spring Lick Road, which adjoins the Reedys' property. After resolution

of several related civil and criminal actions, the Reedys filed the action underlying this appeal in November 2022. In their complaint, the Reedys alleged that Bratcher and Swift (and others) engaged in a conspiracy to deprive them of an interest in their property by having the disputed road to be declared a public passageway. They alleged that Bratcher and Swift caused Johnny Reedy to be cited for obstructing a highway and filed "meritless criminal charges against [Lanora Reedy]" in an effort to "force the Reedys to relinquish or diminish their property rights in Tanyard Spring Lick Road."

The Reedys contend that the trial court erred by dismissing the complaint as time-barred. After our review, we affirm.

The following summary is derived from the Reedys' complaint, the trial court record, and the unpublished opinion rendered in the parties' first appeal to this Court, *Reedy v. Bratcher*, No. 2023-CA-0673-MR, 2024 WL 1221268 (Ky. App. Mar. 22, 2024).

The Reedys' neighbors and others had used Tanyard Spring Lick Road for many years before Johnny Reedy blocked the roadway with a tractor and other obstacles in 2016. Bratcher and Swift contacted the county attorney's office for help. Swift also attended a fiscal court meeting on July 15, 2016, to discuss the county's interest in the road. By letter dated July 15, 2016, the county attorney advised Johnny Reedy to remove the obstacles blocking the road. When he

refused, Johnny was charged by the sheriff with obstructing a public passage in violation of the provisions of KRS[1] 525.140. Nonetheless, Reedy kept the road blocked. Some weeks later, the county attorney received a letter from the Reedys' neighbor, Charlene Wilkins, urging that action be taken by means of criminal proceedings to require that the obstructions be removed. Ultimately, in their complaint against Bratcher and Swift, the Reedys alleged upon information and belief that Bratcher "caused the Wilkins Letter to be composed and sent to [the county attorney] as part of the Bratcher/Swift Conspiracy." They alleged that Bratcher also "put together a Criminal Complaint setting forth bogus charges against [Lanora Kay Reedy] of Disorderly Conduct, Menacing, and Terroristic Threatening." (Citations omitted.) Eventually, both Johnny and Lanora were arrested and charged with criminal offenses.

In 2017, the Reedys filed a civil action against their neighbors seeking to resolve the status of the disputed road. Although, neither Swift nor Bratcher was named as a defendant in that action, they were called to testify. The trial court determined that the county had abandoned the passageway and that it was no longer a public road. However, the court determined that the defendants had proven an easement by prescription entitling them to use the roadway. The circuit court ordered the Reedys to remove all gates and obstacles and to refrain from

---

[1] Kentucky Revised Statutes.

interfering with the reasonable use of the road by the other property owners. *Reedy v. Bratcher*, 2024 WL 1221268, at *1.

In October 2022, the Reedys filed a federal civil rights action claiming that the Grayson County Fiscal Court, Swift, Bratcher, and two county attorneys had engaged in a "conspiracy" to deprive them of their constitutional rights. The Reedys' complaint also included state law claims for abuse of process. Swift and Bratcher filed counterclaims based on state law jurisprudence. The claims asserted against the county attorneys and the fiscal court were dismissed.

In August 2022, the federal district court concluded that Swift and Bratcher were entitled to judgment as a matter of law with respect to the federal civil rights claims, and those claims were dismissed. Once the federal claims were dismissed, the federal court declined to exercise its supplemental jurisdiction over the state law claims pending among the parties. By the federal court's Order, those claims were dismissed without prejudice.

In November 2022, the Reedys filed the complaint underlying this appeal, reasserting their claims for abuse of process against Bratcher and Swift. Specifically, the Reedys alleged, upon information and belief, that throughout their criminal prosecutions, the county attorney "constantly consulted with Bratcher, Swift, and/or members of the [conspiracy], and, effectively, let those private citizens control the criminal prosecutions against [them.]" They alleged that

Bratcher and Swift instigated the criminal prosecutions and urged the county attorney "to continue to pursue" them with an "ulterior motive" -- "to advance and/or protect the private civil interests of themselves and/or persons associated with Bratcher and/or Swift in obtaining unlimited access to the Tanyard Spring Lick Road." The Reedys alleged that they suffered damages as a result of the wrongful conduct -- including but not limited to attorney's fees incurred in defending the criminal actions. They sought an award of compensatory and punitive damages.

Bratcher and Swift answered the complaint and contended that the action had been filed out of time. They also asserted counterclaims. In February 2023, Bratcher and Swift filed a motion to dismiss. They argued that the Reedys' action had been filed many years outside the one-year period of limitations prescribed by the provisions of KRS 413.140(1).

In response, the Reedys argued that their claim for abuse of process is not governed by a one-year statute of limitations. They contended that the action is governed instead by the five-year period of limitations set out in KRS 413.120 because the action is premised on an injury to *property* (*i.e.*, the money used to pay for their defense to the criminal actions) -- not an injury to their persons.

The Reedys contended that the five-year-period of limitations had been effectively tolled by the federal civil rights action that they had filed against

Bratcher, Swift, and others in 2020. Citing the savings provisions of KRS 413.270(1), they argued that the 2022 state court action filed in Grayson Circuit Court was timely because it had been filed within the ninety-day period following the dismissal of the federal civil rights action. The Reedys argued that where the federal court declined to exercise jurisdiction over the state law claims, they were entitled to renew their state law claims in Grayson Circuit Court.

Ultimately, the circuit court concluded that the Reedys' abuse-of-process claims were subject to the one-year period of limitation established by the provisions of KRS 413.140. Consequently, the trial court ordered that the abuse-of-process claims asserted against Bratcher and Swift be dismissed. The Reedys then filed a motion to alter, amend, or vacate the summary judgment and Order of dismissal. They argued that the trial court improperly relied upon two unpublished opinions of this Court to support its holding. By its Order entered on May 4, 2023, the trial court denied the motion to vacate but amended its prior Order to incorporate its further analysis. The Reedys filed a notice of appeal.

After briefing, the matter was assigned to a merits panel of this Court for resolution. However, we observed, *sua sponte*, that the trial court's Orders did not address the counterclaims asserted by Bratcher and Swift and that both of its Orders lacked finality language. We recognized that while the trial court could have made the challenged Order final and appealable, it did not so -- choosing

-6-

instead to omit language that would have made its interlocutory Order subject to our immediate review. *Reedy v. Bratcher*, 2024 WL 1221268, at *2. Consequently, we were required to dismiss the appeal as having been taken from a non-final Order.

In April 2024, the Reedys filed a motion requesting the Grayson Circuit Court to make the challenged Order final and appealable under the provisions of CR[2] 54.02(1). Although their counterclaims remained pending, neither Bratcher nor Swift objected. The circuit court's Order was made final, and this appeal followed.

The single issue to be resolved on appeal is whether the trial court erred by concluding that the Reedys' abuse-of-process claims are time-barred. The parties agree that our review of the trial court's decision to grant the motion to dismiss is conducted *de novo*. *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002). Consequently, we must liberally construe the pleadings, accepting as true all of the Reedys' allegations. *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833 (Ky. App. 2007). If the Reedys are "entitled to relief under any set of facts" they could prove, we must conclude that the trial court erred by dismissing the action. *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).

---

[2] Kentucky Rules of Civil Procedure.

The principles underlying the tort of abuse of process bear some discussion at the juncture.

Generally, "one who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed, is subject to liability to the other for harm caused by the abuse of process." *Sprint Commc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 113 (Ky. 2010). "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Flynn v. Songer*, 399 S.W.2d 491, 494 (Ky. 1966); *see also Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765, 765 (Ky. App. 1980). "There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." *Simpson v. Laytart*, 962 S.W.2d 392, 395 (Ky. 1998) (quoting W. Prosser, *Handbook of the Law of Torts*, § 121 (4th ed. 1971)).

The provisions of KRS 413.120(6) establish a five-year statute of limitations for actions concerning contracts, trespass, fraud, and "for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated." The provisions of KRS 413.140 set forth a one-year statute of limitations for actions based on various injuries (*inter alia*) to the plaintiff's person, conspiracy,

libel, or slander.  While claims for malicious prosecution are governed by the one-year statute of limitations under the provisions of KRS 413.140(1), there is no specific statute of limitations for abuse of process.  Accordingly, the Reedys argue that the "catch-all" five-year statute of limitations provided in KRS 413.120 for an injury to the rights of the plaintiff not otherwise enumerated should apply.

In its analysis of issues as to the statute of limitations, the trial court relied upon on our decision in *DeMoisey v. Ostermiller*, Nos. 2014-CA-001827-MR, 2014-CA-001864-MR, 2016 WL 2609321 (Ky. App. May 6, 2016).  In *DeMoisey*, we held that a claim for abuse of process is governed by a one-year statute of limitations as the tort requires an injury to the person or his property.  Having concluded that the abuse-of-process claim had been filed beyond the one-year statute of limitations in that case, we remanded the matter and ordered the trial court to dismiss the claim with prejudice.  *Id.* at *14.  The Supreme Court of Kentucky denied discretionary review in 2018, but it ordered our opinion not to be published.  (Although Bratcher and Swift provide a citation to *DeMoisey* at 659 S.W.3d 757 (Ky. App. 2018), Westlaw duly notes that the opinion was published in error and was subsequently ordered depublished by the Kentucky Supreme Court in October 2020.)  In light of this procedural history, we agree with the Reedys that *DeMoisey* cannot be afforded binding precedential value.

The trial court also relied upon *Bardstown Capital Corporation v. Seiller Waterman, LLC*, No. 2018-CA-001886-MR, 2020 WL 3108238 (Ky. App. Jun. 12, 2020), wherein we held that the circuit court did not err where it applied the one-year statute of limitations to the plaintiff's abuse-of-process claim. Although the Supreme Court of Kentucky granted discretionary review in that case, it noted specifically that the parties "do not raise any issues regarding the abuse of process claim in this appeal." *Seiller Waterman, LLC v. Bardstown Capital Corporation*, 643 S.W.3d 68, 74 n.7 (Ky. 2022), *abrogated by Bluegrass Tr. for Historic Preservation v. Lexington Fayette Urban Cnty. Government Planning Commission*, 701 S.W.3d 196 (Ky. 2024). Nevertheless, once the Kentucky Supreme Court issued its opinion on appeal, our decision was rendered devoid of precedential value. *See Laboratory Corp of America v. Smith*, 701 S.W.3d 228, 234 (Ky. 2024).

While Kentucky courts are not bound by the holdings of federal courts that construe state law in the course of their decisions, we believe that their sound reasoning is helpful here -- especially since our Supreme Court has not given us firm precedent on this issue. *See Embs v. Pepsi-Cola Bottling Company of Lexington, Kentucky, Inc.*, 528 S.W.2d 703, 705 (Ky. 1975). The federal district courts in Kentucky have consistently held that abuse-of-process claims are subject to a one-year statute of limitations under KRS 413.140(1)(a). *See Conley v. Frye*,

-10-

No. 17-CV-44-HRW, 2018 WL 771523, at *2 (E.D. Ky. Feb. 7, 2018) (citing

*Dickerson v. City of Hickman*, 2010 WL 816684 at *5 (W.D. Ky. Mar. 4, 2010),

and *Bates v. Stapleton*, 2008 WL 1735170, at *3 (E.D. Ky. Apr. 11, 2008));

*Sawyer v. Boone Cnty., KY.*, No. 2:22-CV-00071-GFVT, 2024 WL 4860828, at

*12 (E.D. Ky. Nov. 21, 2024); *Hall v. City of Williamsburg, Kentucky*, No. 6:16-

304-DCR, 2017 WL 2274327, at *8 (E.D. Ky. May 24, 2017), *aff'd sub nom. Hall*

*v. City of Williamsburg*, 768 Fed. Appx. 366 (6th Cir. 2019); *Maqablh v. Heinz*,

No. 3:16-CV-289-JHM, 2016 WL 7192124, at *8 (W.D. Ky. Dec. 12, 2016); and

*Jackson v. Jernigan*, No. 3:16-CV-00750-JHM, 2017 WL 1962713, at *9-10

(W.D. Ky. May 11, 2017).

Based on the clear guidance indicated by the federal courts

interpreting this issue as well as the tenor of unpublished Kentucky state court

cases, we are persuaded that the abuse-of-process claims are subject to a one-year

period of limitations. In this case, the Reedys do not contend that their abuse-of-

process claims were filed in the federal court action before one year had elapsed

from the date of accrual. Therefore, their claims for abuse of process were

untimely as they were filed outside the one-year limitations period. Consequently,

the trial court did not err by granting the motion to dismiss.

The order of the Grayson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Harry B. O'Donnell IV       Joseph M. Harris, Jr.
Louisville, Kentucky        Leitchfield, Kentucky