**Norman MULLINS, Appellant,**

v.

**Sherman RICHARDS, Mrs. Sherman Richards and Don Hulette, Appellees.**

Court of Appeals of Kentucky.

Feb. 28, 1986.

James F. Clay, Sr., Danville, for appellant.

William L. Stevens, Danville, for appellees.

Before COMBS, HOWERTON and WHITE, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Boyle Circuit Court, directing a verdict in favor of appellees at the close of appellant's evidence in his action for malicious prosecution and abuse of process.

Appellant, Norman Mullins, owns and operates an automobile repair shop in Junction City, Kentucky. During 1982, appellees, Mr. and Mrs. Sherman Richards, brought their Subaru automobile to appellant for repairs, as did appellee Don Hulette. Appellant worked on both cars during the summer of 1982.

After appellant completed the repairs, he notified both owners that their vehicles were ready to pick up. Both the Richards and Hulette contested the quality and cost of appellant's work. Appellant testified

that Richards picked up the car without paying his bill, and he stated that he still retained possession of Hulette's vehicle and that Hulette's bill was not paid.

On December 6, 1982, Sherman Richards and Don Hulette appeared before a Boyle County Grand Jury seeking indictments against appellant for theft by deception of over $100.00. After hearing appellees' testimony, the grand jury returned two indictments against appellant charging him with theft by deception.

Appellant had no contact or communication with any of these appellees between the dates of his indictment and trial. The trial took place on March 8, 1983, but the court declared a mistrial after hearing the testimony of one witness, appellee Don Hulette.

Two weeks later, appellant filed this action in the Boyle Circuit Court charging appellees with malicious prosecution and abuse of process. At the conclusion of appellant's evidence, the court ruled that appellant failed to carry his burden of proof on the charges and directed a verdict in favor of appellees.

■ Appellant alleges that the trial court erred in granting appellees a directed verdict because he presented sufficient evidence to take his case to the jury on both charges. We disagree. *Raine v. Drasin*, Ky., 621 S.W.2d 895 (1981), states that the claimant bears the burden of establishing six elements to recover in an action for malicious prosecution, as follows:

(1) The institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiffs, (3) the termination of such proceedings in [the claimant's] favor, (4) malice in the institution of such proceedings, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding. *Id.* at 899.

The lower court ruled, and the evidence clearly shows, that appellant failed to prove malice on the part of appellees and lack of probable cause for the criminal proceeding. We also note that appellant failed to offer any substantial proof as to his damages. As the lower court correctly observed, these elements are essential to appellant's cause of action. We hold that the lower court did not err in granting appellees' motion for a directed verdict in the malicious prosecution claim.

■ Appellant also argues that the trial court erred in taking his abuse of process claim from the jury. Again, we disagree. In *Bonnie Braes Farms, Inc. v. Robinson*, Ky.App., 598 S.W.2d 765 (1980), the court stated that "[t]he essential elements of the tort include (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding". *Id.* at 766. Although appellees may have had an ulterior purpose in securing the indictments against appellant, the record contains no evidence that appellees attempted to use the indictments against appellant outside the criminal proceeding. In fact, appellant testified that he had no contact with appellees between the date of the indictment and the date of trial. If appellees had offered to drop the indictments in return for a release of their debts to appellant, then appellant would have stated a cause of action on his claim for abuse of process. However, the record contains no such evidence so we must conclude that the trial court correctly granted a directed verdict in favor of appellees.

The judgment of the Boyle Circuit Court is affirmed.

All concur.