Ingrid WOODS, Appellant,

v.

WESTERN KENTUCKY
UNIVERSITY,
Appellee.

No. 2008–CA–001825–MR.

Court of Appeals of Kentucky.

Sept. 11, 2009.

Discretionary Review Denied by
Supreme Court March 10, 2010.

David F. Broderick, Bowling Green, KY, for appellant.

Greg N. Stivers, Scott D. Laufenberg, Bowling Green, KY, for appellee.

Before KELLER, STUMBO, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Ingrid Woods appeals from a directed verdict entered by the Warren Circuit Court in favor of Western Kentucky University (WKU) in a case of alleged race discrimination. For the following reasons, we affirm.

Woods received bachelor of science and master of education degrees from WKU and was, at all times relevant to this action, a doctoral candidate in higher education administration at the University of Louisville. From 1999 until her resignation in 2006, Woods was employed as the assistant director for the academic advising and retention center (AARC) at WKU. She acted as the interim director for the AARC from 2004 until 2006, while the job search for the position of director was in process.

In 1999, the educational qualifications for the position of director of the AARC required a master degree. In 2005, the qualifications were changed to require a doctorate degree in an academic core area and faculty experience, which Woods did not possess—either at the time the position was filled, or at the time of the filing of this suit. Woods applied, but was not chosen for the position of director. She then filed this action claiming that the change in qualifications for the director's position was racially motivated, in violation of the Kentucky Civil Rights Act (KCRA).

At the close of Woods' case-in-chief, WKU moved for a directed verdict. After providing Woods' counsel time to prepare a written response, the trial court conducted a hearing on the motion. Applying to Woods' claim the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), and *Kentucky Ctr. for the Arts v. Handley,* 827 S.W.2d 697, 699 (Ky.App.1991), the trial court granted the motion for a directed verdict after making the following findings of fact and conclusions of law:

(1) During the plaintiff's case-in-chief, there was no factual evidence presented that WKU changed the position require-

**486**

ments for the director of the AARC to require a doctorate degree for any racially discriminatory reason.

(2) There is not a scintilla of evidence developed by the plaintiff to show [that] WKU did not promote Woods on the basis of race.

(3) The plaintiff cannot rely upon speculation to prove pretext under the KCRA.

(4) Requiring credentials for the vacant director position that the plaintiff did not possess (i.e., faculty experience and a doctorate degree) was insufficient to prove that the position requirements were motivated by race.

Woods' motion to alter, amend, or vacate the judgment was denied. This appeal followed.

As stated in *Sutton v. Combs*, 419 S.W.2d 775, 777 (Ky.1967), the purpose of a motion for a directed verdict is:

[T]o save the time and trouble involved in a lengthy jury determination when (1) there is a complete absence of pleading or proof on an issue or issues material to the cause of action or defense, or (2) there are no controverted issues of fact upon which reasonable men could differ. When [a] motion is made the trial court must consider the evidence in its strongest light in favor of the party against whom the motion was made and must give him the advantage of every fair and reasonable intendment that the evidence can justify. On appeal, the appellate court considers the evidence in the same light.

With regards to Woods' civil rights claim, Kentucky courts have "consistently interpreted the civil rights provisions of KRS[1] Chapter 344 consistent with the applicable federal anti-discrimination laws." *Williams v. Wal–Mart Stores, Inc.*, 184 S.W.3d 492, 495 (Ky.2005). As a result, the courts have relied upon federal cases

applying Title VII in addressing claims under the KCRA. *See id.*

As stated by the Kentucky Supreme Court:

There are two paths for a plaintiff seeking to establish a [race] discrimination case. One path consists of direct evidence of discriminatory animus. Absent direct evidence of discrimination, Plaintiff must satisfy the burden-shifting test of *McDonnell* Douglas. The reasoning behind the *McDonnell* Douglas burden shifting approach is to allow a victim of discrimination to establish a case through inferential and circumstantial proof.

*Id.* (internal citations omitted).

In this case, the *McDonnell Douglas* burden-shifting approach provides a framework for evaluating the merits of Woods' claim. Thus:

An employment discrimination action unfolds in three stages. **First,** the plaintiff must make a *prima facie* case of discrimination by offering proof that 1) she is a member of a protected class, 2) she is qualified for and applied for an available position, 3) she did not receive the job, and 4) the position remained open and the employer sought other applicants. **Second,** the employer must then articulate a "legitimate nondiscriminatory" reason for its action. **Third,** once such a reason is given, it is incumbent on the employee to demonstrate that the stated reason is merely a pretext to cover the actual discrimination.

*Kentucky Ctr. for the Arts*, 827 S.W.2d at 699 (internal citations omitted) (emphasis added).

As courts have recognized, "[t]he employer has the right to fix the qualifications that are 'necessary or preferred' in

1. Kentucky Revised Statutes.

selecting the employee for promotion, and, in order to make out a *prima facie* case, a plaintiff must establish that she meets these qualifications." *Brown v. First Citizens Bank*, 47 F.Supp.2d 648, 653 (D.S.C. 1998) (quoting *E.E.O.C. v. Federal Reserve Bank of Richmond*, 698 F.2d 633, 671 (4th Cir.1983)). In the present case, the job description for the director position was developed by Dr. Luther Hughes, who oversaw the AARC. The job description included the requirement of a doctorate degree, which Dr. Hughes testified was necessary in order for WKU to meet the Southern Association of Colleges and Schools' (SACS) accreditation standard requiring that all academic programs be directed by persons with doctorate degrees in academic core areas. Moreover, Dr. Hughes testified that the requirement of a doctorate degree would give instant credibility to the director's position among faculty members, and would improve academic advising.

Woods was objectively unqualified for the position, since she did not possess a doctorate degree or faculty experience at the time she applied. After considering Woods' arguments and reviewing the evidence in its strongest light in favor of Woods, we conclude that she is unable to meet the burden of establishing a *prima facie* case of discrimination as a matter of law.

Even if Woods could make a *prima facie* case of discrimination, the burden would then shift to WKU to offer a legitimate, nondiscriminatory reason for its employment decision. *See Williams*, 184 S.W.3d at 497. "The defendant bears only the burden of production and this involves no credibility assessments." *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000)). Here, the reasons provided for changing the qualification requirements, as articulated by Dr. Hughes, suffice so as to satisfy WKU's burden under *McDonnell Douglas*.

■ Since WKU met its burden, Woods must demonstrate, by a preponderance of the evidence, that the stated reasons are merely a pretext to mask actual discrimination. *See id.* Woods "may demonstrate that the defendant's explanation was merely pretext by showing (1) that the proffered reason had no basis in fact, (2) that the proffered reason did not actually motivate [the employment decision], or (3) that the proffered reason was not sufficient to motivate [the employment decision]." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir.2000) (citations omitted).

As explained by the Kentucky Supreme Court:

> The ultimate question is whether the employer intentionally discriminated, and proof that "the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason ... is correct." In other words, "[i]t is not enough ... to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination."

*Williams*, 184 S.W.3d at 498–99 (quoting *Reeves*, 530 U.S. at 146–47, 120 S.Ct. at 2108 (internal citations omitted)).

At trial, Woods argued that WKU's asserted compliance with the SACS in 2004, when the director of the AARC did not possess a doctorate degree in an academic core area, was evidence that WKU's claim of changing the educational requirements in order to comply with the SACS accreditation standards was pretextual. In addition, Woods asserted her belief that she was qualified for the position and placed significance on the fact that she served as the interim director of the AARC.

By contrast, WKU presented evidence that the SACS Committee had "grave concerns" about WKU's accreditation with regards to the director position. WKU asserted that the SACS' concern had not existed prior to 1999 because all previous directors had been faculty members. Under *Williams*, even if we found WKU's proffered reason to be unpersuasive, proof of intentional discrimination does not necessarily follow.

 Moreover, "a plaintiff's own opinions about her work performance or qualifications do not sufficiently cast doubt on the legitimacy of her employer's proffered reasons for its employment actions." *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 441 (7th Cir.1996) (citations omitted). Thus, Woods' assertion that she "felt as though her experience and education fully qualified her for the position of director of AARC" is not sufficient to cast doubt on the legitimacy of WKU's employment decision. Objectively, Woods was not qualified for the position of director. Thus, under the *McDonnell Douglas* framework, Woods did not prove her claim of discrimination.

The order of the Warren Circuit Court is affirmed.

ALL CONCUR.