RENDERED: JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1465-MR

LEXINGTON FAYETTE URBAN
COUNTY HUMAN RIGHTS
COMMISSION AND RAYMOND
SEXTON                                                                          APPELLANTS

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 15-CI-02497

LESLIE WHALEY                                                              APPELLEE

AND

NO. 2020-CA-1537-MR

LESLIE WHALEY                                                        CROSS-APPELLANT

CROSS-APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 15-CI-02497

LEXINGTON FAYETTE URBAN
COUNTY HUMAN RIGHTS
COMMISSION ON BEHALF OF

ASHLEY BRADFORD; AND
RAYMOND SEXTON,
INDIVIDUALLY AND IN HIS
CAPACITY AS EXECUTIVE
DIRECTOR, LEXINGTON-FAYETTE
URBAN COUNTY HUMAN RIGHTS
COMMISSION                                                      APPELLEES

## OPINION
## AFFIRMING

** ** ** ** **

BEFORE:  DIXON, JONES, AND K. THOMPSON, JUDGES.

DIXON, JUDGE:  The Lexington Fayette Urban County Human Rights

Commission ("the Commission") and Raymond Sexton appeal, and Leslie Whaley

cross-appeals, from the order of the Fayette Circuit Court entered November 10,

2020.  Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

This case was previously on appeal in *Lexington-Fayette Urban*

*County Human Rights Commission v. Whaley*, No. 2017-CA-001349-MR, 2019

WL 3246496 (Ky. App. Jul. 19, 2019).  We adopt the following statement of facts

herein:

> [The Commission], on behalf of Ashley Bradford, filed a
> notice of appeal from the judgment of the Fayette Circuit
> Court dismissing its claims against Leslie Whaley
> pursuant to the provisions of Kentucky Rule of Civil
> Procedure (CR) 37.02.  Whaley filed a notice of cross-

-2-

appeal. Several months later, Whaley filed a separate notice of appeal of the court's judgment as modified. After our review, we dismiss the appeals and cross-appeal.

Despite our summary resolution of these appeals and cross-appeal, a recitation of the lengthy, convoluted, and acrimonious procedural history of this matter is necessary. Ashley Bradford (Bradford), a resident of Malabu Terrace Condominiums alleged discrimination on the part of: Malabu Terrace Condominiums, (Malabu Terrace); Scott Lyons (president of the Malabu Terrace Condominiums Homeowners Association); and Leslie Whaley (owner of a Malabu Terrace condominium leased to Ashley Bradford). Bradford claimed that they unlawfully discriminated against her and her three minor children based upon familial status, thereby violating a local ordinance and the provisions of Kentucky's Civil Rights Act codified at [Kentucky Revised Statutes (KRS)] 344.010, *et seq*.

On May 19, 2005, the Commission found probable cause to indicate that Malabu Terrace, Lyons, and Whaley did indeed discriminate as Bradford had alleged. Specifically, the Commission found that Malabu Terrace, Lyons and Whaley unlawfully discriminated against Bradford and the children "by requiring [Bradford] to supervise her children when outside at all times, giving her constant complaints about the noise level and behavior of her children and placing rules that forbid riding bicycles on the property." However, the Commission found no probable cause to support Bradford's allegation that she had been denied a reasonable accommodation based upon her minor child's disability. Malabu Terrace, Lyons, and Whaley vehemently denied the allegation of any unlawful discrimination.

On July 7, 2015, the Commission filed an action in Fayette Circuit Court against Malabu Terrace, Lyons, and

Whaley. The Commission alleged that Bradford had been "subject to harassment because of her children"; that the children had not been "allowed outside the apartment to play or allowed to be in common areas of the condominium complex"; that Bradford had been denied use of a parking space set aside for the disabled "despite authorization"; and that Bradford had suffered embarrassment and humiliation as a result. The Commission sought imposition of a civil penalty, attorney fees, and costs. By order entered by the Fayette Circuit Court on October 24, 2016, the claims against Malabu Terrace and Scott Lyons were dismissed.

Whaley responded to the complaint with a motion to dismiss the lawsuit. In her memorandum in support of the motion, Whaley explained that she had rented her condominium at Malabu Terrace to Bradford (a single parent of three children, including a child with a disability) and that about five months after executing the lease and with rent outstanding, Bradford lodged a charge of discrimination against her. She argued that even if all of Bradford's allegations were true, Bradford would not be entitled to judgment because Whaley was not in control of the areas in which Bradford alleged she had suffered the alleged unlawful familial discrimination. Additionally, Whaley observed that the Commission made a finding of "no probable cause" with respect to Bradford's allegation that she had been the subject of unlawful discrimination based upon her son's disability.

On July 30, 2015, Whaley sent Bradford a notice to vacate the property within 7 days based upon non-payment of rent. Whaley sent a separate notice to Bradford advising that her lease would not be renewed upon the expiration of the term (September 30, 2015). The Commission immediately filed a motion for injunctive relief, contending that the eviction was retaliatory. In response, Whaley explained that Bradford had not paid rent since June 2015 and that she had been late with rent payments on 6 previous occasions.

Bradford moved out of the condominium in October 2015, and the Commission withdrew the motion for relief. A year after the Commission's finding of probable cause, Whaley filed an action in the small claims division of the Fayette District Court to recover three-months' rent.

Additionally, on November 3, 2016, Whaley filed a counterclaim against the Commission and a third-party complaint against Bradford and Raymond Sexton, individually, and in his capacity as executive director of the Commission. Whaley alleged that she had been fully aware of Bradford's familial status when she decided to rent the Malabu Terrace condominium to Bradford; that Bradford had advised Whaley after she moved into the condominium that multiple neighbors appeared to be upset with her; that Lyons, the president of the Malabu Terrace homeowners' association, had alerted Whaley that Bradford's children left bicycles in the middle of the walkway, broke a common-area light fixture, and were permitted to run up and down the common stairs very loudly, disturbing other residents. Whaley also alleged that Bradford filed a complaint against her with the Commission only after Bradford began to have difficulty making her rent payments; that the Commission violated the provisions of the Kentucky Civil Rights Act by failing to conduct a timely investigation; that the Commission's investigator, Marjorie Gonzalez, conducted a patently unfair investigation; that Gonzalez determined that there was probable cause to believe that Whaley had unlawfully discriminated against Bradford without any evidence to support the allegation; and that Sexton approved the determination by Gonzalez despite the lack of evidence.

Whaley sought an order enjoining the Commission from acting outside its authority; an order enjoining Sexton from further retaliatory conduct; reimbursement of attorney fees, costs, and expenses associated with her defense of the unsupported action against her; damages

incurred as a result of Bradford's breach of the lease agreement and her destruction of the condominium property.

The Commission filed a motion to dismiss Whaley's counterclaim and third-party complaint. On December 2, 2016, the trial court denied the motion. Sexton then filed an action against Whaley for abuse of process and for making a claim of retaliation under the provisions of Kentucky's Civil Rights Act.

Discovery commenced.

On February 3, 2017, Whaley filed a motion for sanctions, including dismissal of the action filed against her by the Commission. She also sought attorney fees based upon the Commission's alleged discovery misconduct, including perjury and a repeated failure to comply with the trial court's orders. The Commission responded, arguing that its action should not be dismissed.

After a hearing, and by its interlocutory order entered on March 27, 2017, the circuit court granted Whaley's motion to dismiss the Commission's claims against her pursuant to the provisions of CR 37 (the civil rule dealing with sanctions for failure to comply with discovery orders). The trial court found that in acting on behalf of Bradford, the Commission responded dishonestly on multiple occasions in its verified responses to written discovery; that Bradford testified dishonestly multiple times; that the Commission failed and refused to produce relevant evidence, including the personnel file of Investigator Gonzalez; that the Commission's conduct reflected a pattern of dilatory conduct; that the Commission's counsel had not caused the misconduct; and that the Commission's claims would be difficult to prove. The trial court found that no sanctions short of dismissal would be sufficient. It ordered the Commission's claims of discrimination and

retaliation to be dismissed. It also ordered the Commission to produce the outstanding discovery, including Whaley's request for Gonzalez's personnel file. Finally, the trial court concluded that following the submission of Whaley's bill of costs, "the Court will make an award of fees and costs against Ms. Bradford."

On April 6, 2017, the Commission filed a motion to alter, amend, or vacate the court's order entered on March 27, 2017. On April 10, 2017, Whaley submitted a bill of costs totaling $27,440.85. On April 19, 2017, she filed her response to the Commission's motion to alter, amend, or vacate.

On April 25, 2017, Sexton filed a motion for summary judgment with respect to the claims brought against him in both his individual and official capacities. Sexton contended that he was entitled to qualified immunity from Whaley's claims because: his official actions had been discretionary; her federal civil rights claims were time-barred; and she did not have a private right of action against him under provisions of the state Constitution.

Whaley challenged Sexton's motion and, on May 21, 2017, she filed a cross-motion for summary judgment. Whaley argued that Sexton acted improperly with malicious intent and exceeded his authority as the Commission's executive director. Whaley contended that Sexton directed the Commission to target her based upon nothing more than a text message that she sent to Bradford in reply to Bradford's query and which was plainly consistent with the Commission's express recommendations for landlords. Whaley contended that Sexton utterly failed to investigate whether any of the Commission's rules had a disparate impact on families with children; whether Malabu Terrace brought claims for disability discrimination and disparate impact discrimination without cause; and whether the Commission refused to serve as an unbiased fact-finder.

-7-

On May 26, 2017, Whaley filed a motion requesting the trial court to modify its order of March 27, 2017, that dismissed the Commission's action against her and awarded her costs and fees against Bradford. Whaley contended that the Commission should be jointly responsible for the costs and fees awarded to her. The Commission opposed the motion.

On June 3, 2017, Bradford filed an answer to Whaley's complaint against her. Bradford also filed a counterclaim asserting retaliatory conduct for Whaley's decision to file a small claims complaint against her for the recovery of unpaid rent. Discovery relative to Whaley's action against the Commission continued.

Following oral argument, the circuit court granted Sexton's motion for summary judgment and entered an interlocutory order on July 20, 2017. The court concluded that Whaley's federal civil rights action was time-barred; that Sexton was immune from Whaley's state constitutional claims; and that Sexton's actions had not been undertaken in bad faith or with a reckless disregard for Whaley's rights. The court also granted Whaley's motion for summary judgment with respect to Sexton's claims against her for abuse of process and unlawful retaliation in violation of Kentucky's Civil Rights Act.

On July 26, 2017, another interlocutory order was entered. This order was substantially similar to the order entered on March 27, 2017, dismissing the Commission's action against Whaley and awarding fees and costs against Bradford.

On August 10, 2017, yet another interlocutory order was entered. The order granted, in part, Whaley's motion to modify the court's order of July 26, 2017. The Commission was ordered to pay a portion of the attorney fees awarded to Whaley in the court's order of July 26.

On August 18, 2017, the Commission filed a motion to vacate the August 10 award of attorney fees. Several days later, the Commission filed a notice of appeal of the court's judgment entered on July 26, 2017. The appeal is designated by this Court as 2017-CA-001349-MR.

On August 31, 2017, Whaley filed a notice of her cross-appeal of the court's order entered on July 26, 2017. This cross-appeal is designated as 2017-CA-001454-MR.

On September 20, 2017, the Commission filed a motion re-noticing its motion to vacate the award of attorney fees made by the trial court through its order entered on August 10, 2017. The Commission argued that as a matter of law, an award of attorney fees could not be made against the Commonwealth as a discovery sanction. Whaley opposed the motion, arguing in part that the trial court no longer had jurisdiction over the matter because the order was now the subject of the Commission's appeal and her cross-appeal.

Through its order entered on October 16, 2017, the trial court vacated (in part) its order of August 10, 2017 – essentially granting the Commission's motion of August 18, 2017.

On November 1, 2017, Whaley filed her notice of appeal of the court's order entered on July 26, 2017, as modified by the orders entered on August 10, 2017, and October 16, 2017. This appeal is designated as 2017-CA-001782-MR.

The parties filed numerous and voluminous briefs. On May 14, 2018, we ordered the appeals and cross-appeal consolidated to the extent that they would be considered by a single panel of the court. The panel has considered the appeals and cross-appeal. After our

review, we are compelled to dismiss them as having been taken from a non-final order of the trial court.

. . . .

Although the court's order entered on July 26, 2017, stated that it was final and appealable, and due to the fact that not all claims had been finally adjudicated, the trial court did not treat it as such. Moreover, the order did not recite that a determination had been made that there was no just cause for delay. In the absence of such language, the appeal must be dismissed. [*See Stillpass v. Kenton Cty. Airport Bd., Inc.*,] 403 S.W.2d 46 (Ky. 1966), and *Beasley v. Trontz*, 677 S.W.2d 891 (Ky. App. 1984).

Finally, we note that both parties present lengthy arguments related to the order of the trial court entered on July 20, 2017. As summarized above, through the order entered on July 20, 2017, the circuit court granted Sexton's motion for summary judgment with respect to Whaley's federal civil rights claims and state constitutional claims. The court also granted Whaley's motion for summary judgment with respect to Sexton's claims against her for abuse of process and unlawful retaliation in violation of Kentucky's Civil Rights Act. This order, too, was designated as interlocutory and did not contain the finality language required by the provisions of CR 54.02(1). Critically, however, it is not the subject of either of the notices of appeal or the notice of cross-appeal.

It is hereby ORDERED that this appeal be DISMISSED for lack of jurisdiction because it is an appeal from a nonfinal judgment that was not made final by the language required by CR 54.02(1) and because it did not adjudicate all the claims of all of the parties.

-10-

Following the dismissal of the previous appeals and cross-appeals, the Commission moved the trial court to consolidate its July 20, 2017, July 26, 2017, and August 10, 2017, orders into one final and appealable order. The trial court granted the motion in its November 10, 2020, order, which plainly stated it "is a Final and Appealable Order and there is no just use [*sic*] for delay." This appeal and cross-appeal followed.

## STANDARD OF REVIEW

The final judgment in this case is comprised of the trial court's granting of each party's motion for summary judgment to dismiss the claims brought against them, as well as the granting of Whaley's motion for attorney's fees and costs against Bradford.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty.*

*Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Unless otherwise directed by statute, the amount of an award of attorney's fees is within the trial court's discretion. *King v. Grecco*, 111 S.W.3d 877, 883 (Ky. App. 2002), *superseded by statute on other grounds as stated in Meece v. Feldman Lumber Co.*, 290 S.W.3d 631 (Ky. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted). "When a trial court is considering whether to award attorney fees and costs and/or how much to award, the trial court's decision should be guided by the purpose and the intent of providing an award of attorney fees and costs[.]" *Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000).

## ANALYSIS

On appeal, the Commission argues the trial court erred in dismissing Sexton's claims of retaliation brought against Whaley. KRS 344.280 makes it unlawful to "retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter." Kentucky courts

interpret retaliation under the Kentucky Civil Rights Act (KCRA) consistent with its interpretation under federal law. *Brooks v. Lexington-Fayette Urban Cty. Housing Auth.*, 132 S.W.3d 790, 801 (Ky. 2004). One claiming retaliation bears the initial burden of proof, showing a *prima facie* case, including presenting proof that: "(i) the plaintiff engaged in a protected activity; (ii) his exercise of such activity was known by the defendant; (iii) the defendant took an action that was materially adverse to the plaintiff; and (iv) there is a causal connection between the protected activity and the materially adverse action." *McCartt v. Kellogg USA, Inc.*, 139 F. Supp. 3d 843, 855 (E.D. Ky. 2015).

Under the burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 801-05, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), once a plaintiff makes a *prima facie* case, the burden shifts to the defendant to produce a legitimate, non-retaliatory reason for its action. If the defendant can produce such an explanation, the burden shifts back to the plaintiff to put forth competent evidence from which a reasonable jury could conclude that the stated reason is merely pretextual. *Id.*; *see also Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 504 (6th Cir. 2014). A plaintiff "may demonstrate that the defendant's explanation was merely pretext by showing (1) that the proffered reason had no basis in fact, (2) that the proffered reason did not actually motivate

-13-

[the action], or (3) that the proffered reason was not sufficient to motivate [the action]." *Woods v. W. Kentucky Univ.*, 303 S.W.3d 484, 487 (Ky. App. 2009).

Here, the trial court determined Sexton did not engage in protected activity under the KCRA. Indeed, Sexton has failed to allege or demonstrate that he "engaged in protected activities with regard to other persons' grievances **beyond** [**his**] **regular job duties**[;]" thus, he is not afforded protection under the KCRA. *Lewis-Smith v. W. Kentucky Univ.*, 85 F. Supp. 3d 885, 909 (W.D. Ky. 2015), *aff'd* (Jan. 12, 2016) (emphasis added).

The trial court further determined that – even if he met his initial burden of making a *prima facie* showing – Sexton failed to meet his burden of showing Whaley's action was retaliatory. "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). The trial court correctly found that Sexton failed to meet his burden of proof here as he proffered no evidence that Whaley's action was retaliatory. This is particularly significant

considering the length and volume of this litigation.[1]  Thus, the retaliation claim was properly dismissed.

The Commission next argues the trial court erred in dismissing Sexton's claims of abuse of process against Whaley.  In *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765, 766 (Ky. App. 1980), the Court stated that "[t]he essential elements of the tort [of abuse of process] include (1) an ulterior purpose and (2) a [willful] act in the use of the process not proper in the regular conduct of the proceeding[.]" *See also Mullins v. Richards*, 705 S.W.2d 951, 952 (Ky. App. 1986).  Again, Sexton failed to put forth sufficient evidence Whaley committed this tort; therefore, the trial court properly dismissed the claim.  *See Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014), *as corrected* (Apr. 7, 2015).

On cross-appeal, Whaley argues the Commission should bear joint responsibility for the attorney's fees and costs the trial court awarded to her.  Whaley admits that CR 37.05 provides that "[e]xpenses and attorney's fees are not to be imposed upon the Commonwealth under Rule 37" for failure to make discovery.  Even so, most of her claims pertaining to the Commission's so-called misconduct directly relate to discovery matters – such as Sexton verifying Bradford's false information provided in written discovery responses, Sexton

---

[1]  The initial complaint was filed on July 7, 2015, nearly seven years ago.  The record on appeal consists of 1,474 numbered pages, a volume of sealed exhibits to pleadings, a volume of supplemental filing(s), and multiple disks.

allowing Bradford to testify falsely at her deposition, and Sexton failing to notify the trial court "right away" to correct the record concerning Bradford's bank account information after its production was compelled.

Nevertheless, Whaley asserts an award of attorney's fees and costs from the Commission may be available to her under the KCRA. She claims the Commission and Sexton pursued the initial litigation against her in bad faith, as well as the KCRA counterclaim against her. Although Whaley fails to point us to a specific provision under the KCRA pertaining to attorney's fees and/or costs, KRS 344.450 states, "[t]he court's order or judgment shall include a reasonable fee for the plaintiff's attorney of record and any other remedies contained in this chapter."

Here, the trial court ordered Bradford to pay Whaley's attorney's fees and costs since it deemed Bradford to be culpable and the Commission not. In its July 26, 2017, order, the trial court specifically found the Commission did not cause the misconduct while Bradford "has extensive personal responsibility for the misconduct[.]" The trial court also dismissed Bradford's claims against Whaley as a sanction under CR 37. Thus, joint imposition of attorney's fees and costs against the Commission was not available to Whaley under the KCRA because the award was made pursuant to CR 37, and CR 37.05 prohibits such an imposition on the Commonwealth and its agencies, including the Commission. Furthermore, since

the trial court's award was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles[,]" we cannot say the trial court abused its discretion in awarding Whaley's attorney's fees and costs in this manner. *Goodyear Tire & Rubber Co.*, 11 S.W.3d at 581.

Whaley further contends the trial court erred in dismissing her claims against Sexton. She first argues that the judgment was premature. It is well-established "summary judgment is only proper after a party has been given **ample opportunity** to complete discovery, and then fails to offer controverting evidence." *Pendleton Bros. Vending, Inc. v. Commonwealth Fin. & Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (emphasis added) (citing *Hartford Ins. Grp. v. Citizens Fid. Bank & Tr. Co.*, 579 S.W.2d 628 (Ky. App. 1979)). Yet, it is "not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford*, 579 S.W.2d at 630.

In *Hartford*, a period of approximately six months between the filing of the complaint and the summary judgment was found to be sufficient time to conduct discovery. However, this is not a bright-line rule, and the appropriate time for discovery necessarily varies from case to case depending on the complexity, availability of information sought, and the like. *See Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007).

-17-

Here, more than eight months elapsed between the filing of Whaley's third-party complaint against Sexton – and more than two years since the original complaint was filed in this matter – and the grant of partial summary judgment. This is not a complicated part of the case, nor does it appear that any relevant information sought has been withheld. Thus, we cannot say the trial court's grant of summary judgment was premature.

Whaley also argues her claims against Sexton were improperly denied on statute of limitations and/or immunity grounds. Yet, we may affirm a lower court on any grounds supported by the record. *Commonwealth v. Mitchell*, 610 S.W.3d 263, 271 (Ky. 2020) ("If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014)). Here, Whaley's claims suffer the same fatal flaw that led to the dismissal of Sexton's claims against her: insufficient proof. *See* CR 56.03; *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514; and *Toler*, 458 S.W.3d 276. Accordingly, her claims were properly dismissed.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Fayette Circuit Court is AFFIRMED.

-18-

ALL CONCUR.


BRIEFS FOR APPELLANTS/          BRIEFS FOR APPELLEE/CROSS-
CROSS-APPELLEES:                 APPELLANT:

Edward E. Dove                     Jay Inman
Lexington, Kentucky             Lexington, Kentucky