**Earl BENNETT, Appellant,**

v.

**Carter MALCOMB, Appellee.**

**No. 2009–CA–000871–MR.**

Court of Appeals of Kentucky.

Aug. 20, 2010.

C. Ed Massey, Erlanger, KY, for appellant.

Robert B. Cetrulo, Edgewood, KY, for appellee.

Before TAYLOR, Chief Judge; ACREE, Judge; BUCKINGHAM,[1] Senior Judge.

*OPINION*

ACREE, Judge:

Earl Bennett, the appellant, seeks reversal of the Owen Circuit Court's order

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

granting summary judgment for the appellee, Carter Malcomb. The circuit court determined that Mr. Bennett's claim was barred by the statute of limitations. We affirm.

On April 28, 2008, Mr. Bennett filed a complaint alleging that Mr. Malcomb intentionally, recklessly and negligently harmed him by pinning him against a post with a tractor on April 28, 2006. As a result of the incident, Mr. Bennett suffered physical injury, but sought no psychological treatment. The complaint was dismissed for lack of jurisdiction pursuant to KRS 413.140 because it was brought more than one year after the accrual of the action. Mr. Bennett was then given leave to amend his complaint. He did so adding a cause of action for the intentional infliction of emotional distress, otherwise known as the tort of outrage.

Subsequently, the circuit court granted the appellee's motion for summary judgment finding the tort of outrage inappropriate because traditional tort remedies existed. Thus, the claim was barred by the one-year statute of limitations applicable to traditional torts and not the five-year statute of limitations applicable to the tort of outrage.

 This Court must determine if Mr. Bennett may bring a claim of outrage. If he cannot, then the statute of limitations bars recovery. The tort of outrage

> is intended as a "gap-filler", proving redress for extreme emotional distress where traditional common law actions do not. Where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie. Recovery for emotional distress in those instances must be had under the appropriate traditional common law action.

*Banks v. Fritsch,* 39 S.W.3d 474, 481 (Ky. App.2001). As mentioned above, Mr. Bennett's original complaint set forth various traditional torts alleging that Mr. Malcomb's actions were intended to cause him physical harm. Further, Mr. Bennett testified in his deposition that prior to pinning him with the tractor, Mr. Malcomb passed him and stated "if you're still there I'll run you through." There is no evidence that the conduct was intended only to cause extreme emotional distress. Instead, there is every indication that, to the extent the conduct was intentional, it was intended to cause physical harm.

 Therefore, because recovery could appropriately be sought under the traditional common law torts and the evidence shows the actions were not intended to only cause emotional distress, a cause of action for outrage is not appropriate. Furthermore, the tort of outrage was intended to fill the gap left by outrageous conduct that harms a plaintiff, but leaves him without recovery via the traditional torts. The tort of outrage was not intended to provide a cause of action for plaintiffs who simply failed to bring a traditional tort claim within the statute of limitations.

The judgment of the circuit court is affirmed.

ALL CONCUR.