RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0630-MR

CHRISTOPHER STARK AND
COURTNEY FUGATE                                                                    APPELLANTS


v.          APPEAL FROM FAYETTE CIRCUIT COURT
            HONORABLE KIMBERLY N. BUNNELL, JUDGE
            ACTION NO. 12-CI-03880


JOSHUA COLLINS                                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: This case involves claims for intentional infliction of emotional distress and abuse of process filed by Christopher Stark and Courtney Fugate. The Fayette Circuit Court entered summary judgment against them in favor of Joshua Collins. Stark and Fugate now appeal. After our review, we affirm.

This is the parties' second appearance before this Court. For the sake of judicial economy, we incorporate the following paragraphs from our previous

Opinion affirming an earlier summary judgment of the Fayette Circuit Court

entered against Collins and in favor of Stark and Fugate.

> Collins, who is African American, married Stark's ex-wife, Barbara, in July 2011.  During that time, Stark and his former spouse were involved in acrimonious custody litigation involving their minor son.  In August 2011, Stark filed a criminal complaint against Collins regarding an altercation that occurred during a time-sharing exchange.  Stark's sworn criminal complaint stated, in part:

>> [I]n the parking lot of Church of the Savior during the weekly transfer of my child between my ex-wife and myself[,] [Collins] stood outside the car asking me to roll down the window.  When I did he entered into a verbally abusive monologue.  I was videoing the incident with my cellphone and told him so.  This did not give him pause.  My child was present in the car and he was aware of this.  He is under directive from [child's GAL][1] not to appear at exchanges because of similar problems in the past.  During his outburst he suddenly reached into my car, grabbed my cell phone and simultaneously hit me in the face as he withdrew it.  He threatened to break it and bent it backward.  It no longer functions properly.  He eventually threw it at me and into my car.  I drove away and as I did I tasted blood in my mouth. . . .  The outside of my face was red but no bruise.  He then followed us out of the parking lot making threatening gestures and driving recklessly back for a mile.

---

[1] Guardian *ad litem*.

-2-

Fugate (Stark's girlfriend), who was in the vehicle during the incident, video-recorded the events and submitted an affidavit corroborating Stark's statement. A Jessamine District Court judge authorized a warrant for Collins's arrest on charges of fourth-degree assault and second-degree criminal mischief. After learning of the warrant, Collins turned himself in to the police and was released on bond shortly thereafter.

In December 2011, Collins filed a police report and complaint with the Lexington-Fayette Urban County Human Rights Commission, after his home and vehicle were vandalized with racial slurs. The investigations conducted by the police and the HRC failed to identify the person responsible for the vandalism.

Stark's criminal case against Collins was ultimately set for a jury trial in April 2012; however, Stark failed to appear on the day of trial because his son was ill. At a subsequent show-cause hearing, the district court excused Stark's absence, but granted Collins's motion to dismiss the charges due to Stark's failure to appear at trial.

On August 24, 2012, Collins filed a complaint against Appellees in Fayette Circuit Court alleging (1) malicious prosecution, (2) fair housing discrimination under KRS 344.280(5), (3) intentional infliction of emotional distress, and (4) false imprisonment. After a period of discovery, the trial court considered motions for summary judgment filed by both parties. The court ultimately issued an opinion and order granting summary judgment in favor of Appellees on February 27, 2017.

*Collins v. Stark*, No. 2017-CA-000723-MR, 2018 WL 4522179, at *1 (Ky. App.

Sep. 21, 2018).

-3-

In an Opinion rendered on September 21, 2018, we affirmed, concluding that the circuit court had not erred by granting summary judgment to Stark and Fugate and dismissing Collins's claims against them. Discretionary review was denied by the Supreme Court of Kentucky in October 2019, and our Opinion became final on November 1, 2019. Following a pre-trial conference conducted with respect to the pending counterclaims asserted against Collins by Stark and Fugate, the Fayette Circuit Court ordered dispositive motions to be filed on or before September 30, 2020.

Collins filed a timely motion for summary judgment. In his memorandum in support of the motion, Collins observed that the only counterclaim asserted by Stark was one for "harassment" and that the counterclaims asserted by Fugate included an allegation of abuse of process and an allegation of intentional infliction of emotional distress. Collins contended that he was entitled to judgment with respect to these claims as a matter of law.

In response, Stark contended that he had asserted a viable claim of intentional infliction of emotional distress. Stark argued that he had suffered severe distress as a result of Collins's outrageous conduct. Whether he had, he contended, "is a question of material fact" sufficient to overcome a summary judgment.

Fugate argued that Collins made false and damaging allegations against her both in this civil action and in the complaint filed with Kentucky's Human Rights Commission. She contended that these allegations constituted abuse of process. With respect to the complaint filed with the Human Rights Commission, Fugate argued that she was not subject to the Commission's jurisdiction and that there was not a good faith basis for alleging that she had engaged in any prohibited conduct. With respect to Collins's civil action against her, Fugate argued that she had never been anything more than a potential witness in the litigation between Stark and Collins.

Next, Fugate argued that statements which she made indicating that she had never received any treatment, therapy, or medication as a result of the parking lot incident should not be "dispositive of the determination of the existence, amount, and effect of [her emotional distress]"; she also argued that the fact that she had never had a conversation with Collins was irrelevant. She claimed that whether Collins's conduct in the parking lot could be considered "outrageous" presented a genuine issue of material fact precluding summary judgment. With respect to damages, Fugate contended that "[t]here are additional facts that [she] will provide at trial to prove both the amount of damages as well as their connection to [Collins's] conduct." She stated that "[t]he time to provide evidence, dispute evidence, and evaluate evidence is at trial . . . ."

In an order entered on May 4, 2021, the Fayette Circuit Court granted summary judgment to Collins with respect to the claims asserted against him by Stark and Fugate. The court concluded that Stark and Fugate had failed to present any evidence to indicate that Collins's conduct was outrageous or that the emotional distress that they allegedly suffered was severe. The court held that Fugate failed to present evidence sufficient to support her claim of abuse of process. This appeal followed.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. Upon our review, we must consider whether the trial court correctly determined that Collins was entitled to judgment as a matter of law. *See Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Bldg. Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the trial court's interpretations of law *de novo*. *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

---

[2] Kentucky Rules of Civil Procedure.

On appeal, Stark argues that the circuit court erred by granting summary judgment because he suffered humiliation, lost work, and incurred legal expenses as a consequence of: Collins's conduct at the parking lot, Collins's decision to file a complaint against him with Kentucky's Human Rights Commission, and Collins's decision to file a legal action against him in Fayette Circuit Court. Before us, Stark again contends that whether he suffered severe distress as a result of Collins's outrageous conduct presents a genuine issue of material fact that should be resolved by a factfinder. Fugate asserts the same factual bases for her claim and argues that the conclusory statements that Collins's conduct was not outrageous and that her distress was not severe are insufficient basis to justify summary judgment. She argues that these issues are "solely meant to be determined at the discretion of the fact-finders of the Jury." We strongly disagree.

To make out a *prima facie* case of intentional infliction of emotional distress (the tort of outrage), one must show: (1) that the wrongdoer's conduct was intentional or reckless and so intolerable that it "offends against the generally accepted standards of decency and morality"; (2) that there was a causal connection between the outrageous conduct and the emotional distress; and (3) that the emotional distress was severe. *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000). Wholly contrary to the position adopted by Fugate, "[i]t is for the court to

decide whether the conduct complained of can reasonably be regarded to be so extreme and outrageous as to permit recovery." *Goebel v. Arnett*, 259 S.W.3d 489, 493 (Ky. App. 2007).

We agree with the conclusion of the circuit court that Collins's conduct cannot reasonably be regarded as so extreme and outrageous as to permit recovery. The tort of outrage has a highly restrictive application and an elevated standard of proof. *Id.* As the Supreme Court of Kentucky observed in *Goebel*, 259 S.W.3d 493 (quoting *Osborne v. Payne*, 31 S.W.3d at 914):

> [T]he tort is not available for "petty insults, unkind words and minor indignities." *Kroger Company v. Willgruber, Ky.*, 920 S.W.2d 61 (1996). Nor is it to compensate for behavior that is "cold, callous and lacking sensitivity." *Humana of Kentucky, Inc. v. Seitz, Ky.*, 796 S.W.2d 1 (1990). Rather, it is intended to redress behavior that is truly outrageous, intolerable and which results in bringing one to his knees.

While the conduct complained of was doubtless aggressive, offensive, and even alarming, it cannot be categorized as utterly outrageous as a matter of our legal precedent regarding the tort of outrage. Moreover, with respect to Fugate's claim, it is undisputed that none of Collins's conduct in the parking lot was aimed at her. In fact, Collins never engaged with her at all. By Fugate's own account, she was merely a witness to the incident.

Additionally, it is worth noting that the tort of outrage was intended to fill the gap left by outrageous conduct that harms but leaves a victim without an

opportunity for recovery through the traditional common law torts. *Bennett v. Malcomb*, 320 S.W.3d 136 (Ky. App. 2010). Where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, but where the conduct was not intended solely to cause extreme emotional distress in the victim, the tort is unavailable. *Banks v. Fritsch*, 39 S.W.3d 474 (Ky. App. 2001). That is, emotional distress that is incidental to the traditional torts of assault, battery, or negligence falls short of the high threshold for the tort of outrage. Stark's opportunity for recovery was wholly tied to an action based on the traditional torts of assault and battery. Therefore, he could not assert a viable claim for intentional infliction of emotional distress.

Finally, neither Stark nor Fugate demonstrated that the emotional distress alleged was sufficiently severe or serious. *Osborne v. Keeney*, 399 S.W.3d 1 (Ky. 2012). "Distress that does not significantly affect the plaintiff[']s everyday life or require significant treatment will not suffice." *Id.* at 17. While Stark and Fugate each contends that he/she suffered severe distress as a result of Collins's conduct, neither directs us to any affirmative evidence in support of the claim. Their bare allegations are insufficient as a matter of law to meet the burden to produce such evidence to the court. "The party opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order

to prevent a summary judgment." *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 201 (Ky. 2010). Consequently, we conclude that summary judgment was properly granted with respect to the claims of intentional infliction of emotional distress.

Next, we consider Fugate's contention that the circuit court erred by granting summary judgment to Collins with respect to her claim for abuse of process. Fugate contended before the circuit court that the allegations made against her by Collins before Kentucky's Human Rights Commission and in the civil action before the circuit court were baseless and that she was entitled to recover damages as a result. She argues in her brief that Collins filed his complaint against her in Fayette Circuit Court for no other reason "than to senselessly drag her through seemingly endless and costly litigation[.]"

The essential legal elements underlying the tort of abuse of process are: (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765 (Ky. App. 1980). Asserting a meritless or vexatious claim or cause of action cannot alone constitute an abuse of process. The claim arises only where someone attempts to achieve an end through the use of the court's process that the court is unauthorized by law to order. Even where a party acts with

malevolent intentions, a claim for abuse of process will not lie if he has done nothing more than pursue the legal process to its authorized conclusion. *Simpson v. Laytart*, 962 S.W.2d 392 (Ky. 1998). Because Fugate did not produce evidence to show that Collins attempted to utilize the court's process in any way other than what is generally expected, Collins was entitled to judgment as a matter of law with respect to her claim against him.

We affirm the summary judgment of the Fayette Circuit Court.

MAZE, JUDGE, CONCURS.

ACREE, JUDGE, CONCURS AND FILES SEPARATE OPINION.

ACREE, JUDGE, CONCURRING: I concur but write separately to emphasize the distinction between Collins' conduct in pursuing claims against Stark and Fugate, on the one hand, and his conduct in the Church of the Savior parking lot, on the other.

As to the first hand, Collins believes Stark and Fugate engaged in actionable conduct – racially motivated vandalism – but is unable to prove it. Stark's and Fugate's claims of harassment are based on Collins' pursuit of that claim and related matters (as described in Collins' brief, page 1, footnote 2); those claims are not based on Collins' earlier conduct in the parking lot, although Stark and Fugate seek to bootstrap it in to defeat summary judgment. The circuit court's proper application of law and this Court's affirmance thwarts a chilling of the right

-11-

to pursue claims based on sincere beliefs of wrongdoing.  There is nothing outrageous or intolerable about Collins' pursuit of his claim.  And so, I concur.

We are not required to review whether Collins' behavior in the church parking lot is outrageous or intolerable in civil society.  The answer to that question is obvious and the majority Opinion, in effect, says so by noting such conduct is categorically tortious in the traditional sense of assault and battery.

For these reasons, I concur.

BRIEF FOR APPELLANTS:

Steven A. Wides
Rawl Douglas Kazee
Lexington, Kentucky

BRIEF FOR APPELLEE:

Christopher D. Miller
Lexington, Kentucky